USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/22/08

JUDGE SWAIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08 CIV 6510

ARJENT SERVICES, LLC,

Plaintiff,

v.

JOSEPH M. SCIRE and JOYCE B. SCIRE,

Defendants.

Case No. _____

**ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER**

Upon the copy of the complaint, the affidavit of Robert De Palo, duly sworn July 22, 2008, and the exhibits attached thereto, the affidavit of Andrew J. Goodman, dated July 22, 2008, and the exhibits annexed thereto, and good and sufficient cause appearing therefor, it is:

ORDERED that Defendants Joseph M. Scire and Joyce B. Scire (collectively "Defendants") show cause before this Court, Room 17B, United States Courthouse, 500 Pearl Street, in the City, County and State of New York, on the 29th day of July, 2008 at 11 a.m., or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure staying the arbitration initiated by Defendants as against Plaintiff before the Financial Industry Regulatory Authority ("FINRA") (Case No. 07-03443) during the pendency of this action, and for such other, further and different relief as the Court deems just and proper; and it is further

ORDERED that, sufficient reason having been shown therefor, pursuant to Rule 65, Fed. R. Civ. P., the arbitration initiated by Defendants (FINRA Dispute Resolution No. 07-03443) is temporarily restrained and enjoined as against Plaintiff pending hearing and determination of this motion; and it is further

NY_DOCS:601450.2

ORDERED that personal service of a copy of this order to show cause, together with copies of the papers upon which it is granted, shall be made upon Defendants or their counsel by overnight delivery on or before the 23rd day of July, 2008, and by email or facsimile on or before the 23rd day of July, 2008, be considered good and sufficient service.

Answering affidavits, if any, are required to be served upon counsel for Plaintiffs by personal delivery no later than ___1 p.m, July 28,___ , 2008 and by email or facsimile no later than ___N/A; courtesy copy to chambers by 1 p.m 7/28/08.___ , 2008.

Dated: New York, New York
        July 22, 2008

ENTERED,

_____
                              U.S.D.J.

Part I

# DEPALO AFFIDAVIT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARJENT SERVICES, LLC,<br><br>            Plaintiff,<br><br>v.<br><br>JOSEPH M. SCIRE and JOYCE B. SCIRE,<br><br>            Defendants. | Case No. _____<br><br>**AFFIDAVIT OF ROBERT DEPALO IN SUPPORT OF ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER** |

STATE OF NEW YORK   )
                         )
COUNTY OF NEW YORK  ) ss:

ROBERT DEPALO, being duly sworn, deposes and states:

1.    I am the Chairman of Arjent Services, LLC ("Plaintiff"), the party which Defendants Joseph. M. Scire and Joyce B. Scire (collectively "Defendants") seek to add as a respondent in the underlying securities customer arbitration before the Financial Industry Regulatory Authority (FINRA Dispute Resolution No. 07-03443). A copy of the arbitration Statement of Claim is annexed as Exhibit A to the Complaint in this case.

2.    I respectfully submit this affidavit in support of Plaintiff's motion for (a) a preliminary injunction to stay the arbitration as against Plaintiff pending determination of this action, and (b) a temporary restraining order staying the arbitration pending hearing and determination of this motion.

3.    The Statement of Claim was filed against Defendants' broker Arjent, Ltd. ("Arjent"). Defendants have now moved the FINRA Panel to add Plaintiff as an additional party to the underlying arbitration proceeding, despite the fact the Plaintiff was <u>not</u> a signatory to any

arbitration agreement with Defendants. I understand that an exception exists whereby a non-signatory may be bound by an arbitration agreement only if it is determined that the non-signatory was an "alter-ego" of one of the parties to the agreement. The alter ego determination is for the Court to make.

4.    Defendants' motion to add Plaintiff as an additional party to the arbitration (a copy of which is annexed as Exhibit B to the Complaint herein) argues that Arjent and Plaintiff are alter egos. This is simply not true.

5.    The following indisputable facts establish Plaintiff's corporate existence, regulatory status and <u>bona fides</u> are completely separate and apart from Arjent:

(a)    Plaintiff and Arjent are separately organized legal entities. A copy of Plaintiff's Certificate of Organization is annexed as <u>Exhibit A</u>, and Arjent's Certificate of Incorporation as <u>Exhibit B</u>.

(b)    Each entity is separately registered with the Securities and Exchange Commission. A copy of Plaintiff's Form BD is annexed as <u>Exhibit C</u>, and Arjent's as <u>Exhibit D</u>.

(c)    Each company was separately capitalized and maintained separate books and records.

(d)    Each company filed separate periodic financial reports (known as FOCUS Reports) with FINRA.

(e)    Each company maintained its own funds and assets separately from the other (as required by SEC and FINRA rules and regulations), and did not commingle funds or assets.

(f)    Plaintiff and Arjent dealt with each other only on an arm's length basis.

(g)    Neither Plaintiff nor Arjent pays the debts or meets any contractual obligations of the other.

6.    Accordingly, and for the reasons set forth in the accompanying memorandum, Plaintiff respectfully requests that its motion for a preliminary injunction and application for a temporary restraining order be granted in their entirety, and such other, further and different relief as the Court deems just and proper.

_____
ROBERT DEPALO

Sworn to before me this
22 day of July 2008

_____
Notary Public

VERITY SANSOUCI
Notary Public, State of New York
No. 01SA6039018
Qualified in Queens County
Commission Expires March 20, 20 10

# EXHIBIT A

# Delaware

PAGE 1

## *The First State*

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED ARE TRUE AND CORRECT COPIES OF ALL DOCUMENTS ON FILE OF "ARJENT SERVICES LLC" AS RECEIVED AND FILED IN THIS OFFICE.

THE FOLLOWING DOCUMENTS HAVE BEEN CERTIFIED:

CERTIFICATE OF FORMATION, FILED THE TWELFTH DAY OF JUNE, A.D. 2003, AT 2:30 O'CLOCK P.M.

CERTIFICATE OF AMENDMENT, CHANGING ITS NAME FROM "ALZEON FINANCIAL LLC" TO "ARJENT SERVICES LLC", FILED THE TWENTY-FIRST DAY OF MARCH, A.D. 2006, AT 1:16 O'CLOCK P.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE AFORESAID CERTIFICATES ARE THE ONLY CERTIFICATES ON RECORD OF THE AFORESAID LIMITED LIABILITY COMPANY, "ARJENT SERVICES LLC".



*Harriet Smith Windsor*
Harriet Smith Windsor, Secretary of State

3669539  8100H

060848591

AUTHENTICATION: 5040471

DATE: 09-14-06

# STATE *of* DELAWARE
# LIMITED LIABILITY COMPANY
# CERTIFICATE *of* FORMATION

## Alzeon Financial LLC

**FIRST.** The name of the limited liability company is Alzeon Financial LLC.

**SECOND.** The address of its registered office in the State of Delaware is 25 Greystone Manor, Lewes, Delaware 19958. The name of its Registered agent at such address is Harvard Business Services, Inc.

**IN WITNESS WHEREOF**, the undersigned has executed this Certificate of Formation on the date below.

Date: June 11, 2003

LegalZoom.com, Inc., Organizer
By: Sarah Kofoid, Assistant Secretary

State of Delaware
Secretary of State
Division of Corporations
Delivered 02:30 PM 06/12/2003
FILED 02:30 PM 06/12/2003
SRV 030389508 – 3669539 FILE

*State of Delaware*
*Secretary of State*
*Division of Corporations*
*Delivered 01:18 PM 03/21/2006*
*FILED 01:16 PM 03/21/2006*
*SRV 060268974 – 3669539 FILE*

# CERTIFICATE OF AMENDMENT
## OF
# CERTIFICATE OF FORMATION
## OF
# ALZEON FINANCIAL LLC

*Pursuant to Section 18-202 of the Delaware Limited Liability Company Act*

1.      The name of the limited liability company is ALZEON FINANCIAL LLC.

2.      The Certificate of Formation of the limited liability company is hereby amended as follows:

"First: The name of the limited liability company formed hereby is ARJENT SERVICES LLC (the "*Company*")."

IN WITNESS WHEREOF, the undersigned has executed this Certificate of Amendment of Certificate of Formation this 21st day of March 2006.

ALZEON FINANCIAL LLC

By: /s/ George Davanzo
Name: George Davanzo
Title:  Manager

78876

# EXHIBIT B

# Delaware

PAGE 1

### The First State

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THAT "ARJENT LTD." IS DULY INCORPORATED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD STANDING AND HAS A LEGAL CORPORATE EXISTENCE NOT HAVING BEEN CANCELLED OR DISSOLVED SO FAR AS THE RECORDS OF THIS OFFICE SHOW AND IS DULY AUTHORIZED TO TRANSACT BUSINESS.

THE FOLLOWING DOCUMENTS HAVE BEEN FILED:

CERTIFICATE OF INCORPORATION, FILED THE TWENTY-SECOND DAY OF JUNE, A.D. 1995, AT 9 O'CLOCK A.M.

CERTIFICATE OF AMENDMENT, CHANGING ITS NAME FROM "SECURITY CAPITAL TRADING, INC." TO "VERTICAL CAPITAL PARTNERS INC.", FILED THE TWENTY-FIRST DAY OF JUNE, A.D. 2001, AT 9 O'CLOCK A.M.

CERTIFICATE OF AMENDMENT, CHANGING ITS NAME FROM "VERTICAL CAPITAL PARTNERS INC." TO "VC ARJENT LTD.", FILED THE TWENTY-FIRST DAY OF MARCH, A.D. 2006, AT 1:25 O'CLOCK P.M.

CERTIFICATE OF AMENDMENT, CHANGING ITS NAME FROM "VC ARJENT LTD." TO "ARJENT LTD.", FILED THE TWENTY-EIGHTH DAY OF NOVEMBER, A.D. 2006, AT 2:02 O'CLOCK P.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE AFORESAID CERTIFICATES ARE THE ONLY CERTIFICATES ON RECORD OF THE



Harriet Smith Windsor
_____
Harriet Smith Windsor, Secretary of State

AUTHENTICATION: 5503191

DATE: 03-13-07

2513806  8310

070313840



PAGE  2

*The First State*

AFORESAID CORPORATION, "ARJENT LTD.".

AND I DO HEREBY FURTHER CERTIFY THAT THE ANNUAL REPORTS HAVE BEEN FILED TO DATE.

AND I DO HEREBY FURTHER CERTIFY THAT THE FRANCHISE TAXES HAVE BEEN PAID TO DATE.

2513806  8310

070313840

Harriet Smith Windsor, Secretary of State

AUTHENTICATION:  5503191

DATE:  03-13-07

# Delaware

**PAGE  1**

## The First State

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED ARE TRUE AND CORRECT COPIES OF ALL DOCUMENTS ON FILE OF "ARJENT LTD." AS RECEIVED AND FILED IN THIS OFFICE.

THE FOLLOWING DOCUMENTS HAVE BEEN CERTIFIED:

CERTIFICATE OF INCORPORATION, FILED THE TWENTY-SECOND DAY OF JUNE, A.D. 1995, AT 9 O'CLOCK A.M.

CERTIFICATE OF AMENDMENT, CHANGING ITS NAME FROM "SECURITY CAPITAL TRADING, INC." TO "VERTICAL CAPITAL PARTNERS INC.", FILED THE TWENTY-FIRST DAY OF JUNE, A.D. 2001, AT 9 O'CLOCK A.M.

CERTIFICATE OF AMENDMENT, CHANGING ITS NAME FROM "VERTICAL CAPITAL PARTNERS INC." TO "VC ARJENT LTD.", FILED THE TWENTY-FIRST DAY OF MARCH, A.D. 2006, AT 1:25 O'CLOCK P.M.

CERTIFICATE OF AMENDMENT, CHANGING ITS NAME FROM "VC ARJENT LTD." TO "ARJENT LTD.", FILED THE TWENTY-EIGHTH DAY OF NOVEMBER, A.D. 2006, AT 2:02 O'CLOCK P.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE AFORESAID CERTIFICATES ARE THE ONLY CERTIFICATES ON RECORD OF THE AFORESAID CORPORATION, "ARJENT LTD.".

Harriet Smith Windsor
Harriet Smith Windsor, Secretary of State

**2513806  8100H**

**070313840**

AUTHENTICATION: 5503192

DATE: 03-13-07

# CERTIFICATE OF INCORPORATION

## OF

## SECURITY CAPITAL TRADING, INC.

**FIRST:** The name of the corporation is **SECURITY CAPITAL TRADING, INC.**

**SECOND:** The address of its registered office in the State of Delaware and the name of the registered agent at such address is National Corporate Research, Ltd., 9 East Loockerman Street, Dover, DE 19901, City of Dover, County of Kent.

**THIRD:** The nature of the business or purposes to be conducted or promoted is to engage in any lawful act or activity for which corporations may be organized under the General Corporation Law of Delaware.

**FOURTH:** The total number of shares of stock which the corporation shall have authority to issue is One Hundred (100) common each with a par value of One Dollar ($1.00).

**FIFTH:** The name and mailing address of the Sole Incorporator is John Morrissey, National Corporate Research, Ltd., 225 West 34th Street, New York, New York 10122-0032.

**SIXTH:** No director shall be personally liable to the corporation or any of its stockholders for monetary damages for breach of fiduciary duty as a director, except for liability (i) for any breach of the director's duty of loyalty to the corporation or its stockholders, (ii) for acts or omissions not in good faith or which involve intentional misconduct or a knowing violation of law, (iii) pursuant to Section 174 of the Delaware General Corporation Law or (iv) for any transaction from which the director derived an improper personal benefit. Any repeal or modification of this Article Sixth by the stockholders of the corporation shall not adversely affect any right or protection of a director of the corporation existing at the time of such repeal or modification with respect to acts or omissions occurring prior to such repeal or modification.

I, being the sole incorporator hereinbefore named, hereby sign this certificate for the purpose of forming a corporation pursuant to the General Corporation Law of the State of Delaware this 22nd day of June, 1995.

John Morrissey, Sole Incorporator

STATE OF DELAWARE
SECRETARY OF STATE
DIVISION OF CORPORATIONS
FILED 09:00 AM 06/22/1995
950139404 - 2513806

STATE OF DELAWARE
SECRETARY OF STATE
DIVISION OF CORPORATIONS
FILED 09:00 AM 06/21/2001
010299760 - 2513806

# CERTIFICATE OF AMENDMENT

## OF

# CERTIFICATE OF INCORPORATION

## OF

## SECURITY CAPITAL TRADING, INC.

It is hereby certified that:

1.     The name of the corporation (the "Corporation") is **SECURITY CAPITAL TRADING, INC.**

2.     The certificate of incorporation of the Corporation is hereby amended by striking out Article 1 thereof and by substituting in lieu of said Article the following new Article:

"The name of the corporation is **VERTICAL CAPITAL PARTNERS INC.**"

3.     The amendment of the certificate of incorporation herein certified has been duly adopted in accordance with the provisions of Sections 228 and 242 of the General Corporation Law of the State of Delaware.

Signed on June 15, 2000

Ronald M. Heineman, President

10695-00100

FGKS: 148320  06/11/01

*State of Delaware*
*Secretary of State*
*Division of Corporations*
*Delivered 01:26 PM 03/21/2006*
*FILED 01:25 PM 03/21/2006*
*SRV 060269039 - 2513806 FILE*

**CERTIFICATE OF AMENDMENT**

**OF**

**CERTIFICATE OF INCORPORATION**

**OF**

**VERTICAL CAPITAL PARTNERS INC.**

VERTICAL CAPITAL PARTNERS INC., a corporation organized and existing under and by virtue of the General Corporation Law of the State of Delaware (the "*Corporation*"), does hereby certify as follows:

FIRST: The Board of Directors of the Corporation, by unanimous written consent pursuant to Section 141(f) of the General Corporation Law of the State of Delaware, duly adopted the following resolution setting forth the amendment to the Certificate of Incorporation as filed on June 22, 1995:

RESOLVED, that the Board deems it in the best interest of the Corporation to amend the Certificate of Incorporation of the Corporation as filed on June 22, 1995 (the "*Certificate of Incorporation*"), by deleting Article First of the Certificate of Incorporation in its entirety and replacing it with the following:

> "FIRST:      The name of the Corporation is VC Arjent Ltd. (the "*Corporation*")."

SECOND:      That, by written consent executed in accordance with Section 228 of the General Corporation Law of the State of Delaware, the holders of a majority of the outstanding stock of the Corporation entitled to vote thereon, and the holders of a majority of the outstanding stock of each class entitled to vote thereon as a class, was given written notice of the proposed amendments to the Certificate of Incorporation and voted in favor of the adoption of the amendments to the Certificate of Incorporation.

THIRD:      That said amendment was duly adopted in accordance with Section 242 of the General Corporation Law of the State of Delaware.

[SIGNATURE ON FOLLOWING PAGE]

78873

IN WITNESS WHEREOF, said VERTICAL CAPITAL PARTNERS INC. has caused this certificate to be signed by Ronald Heineman, its President, as of March 21, 2006.

/s/ Ronald  Heineman
RONALD HEINEMAN
PRESIDENT
VERTICAL CAPITAL PARTNERS INC.

CERTIFICATE OF AMENDMENT – VERTICAL CAPITAL PARTNERS INC.

*State of Delaware*
*Secretary of State*
*Division of Corporations*
*Delivered 02:03 PM 11/28/2006*
*FILED 02:02 PM 11/28/2006*
*SRV 061083737 - 2513806 FILE*

**CERTIFICATE OF AMENDMENT**

**OF**

**CERTIFICATE OF INCORPORATION**

**OF**

**VC ARJENT LTD.**

VC ARJENT LTD., a corporation organized and existing under and by virtue of the General Corporation Law of the State of Delaware (the "*Corporation*"), does hereby certify as follows:

FIRST: The Board of Directors of the Corporation, by unanimous written consent pursuant to Section 141(f) of the General Corporation Law of the State of Delaware, duly adopted the following resolution setting forth the amendment to the Certificate of Incorporation as filed on June 22, 1995.

RESOLVED, that the Board deems it in the best interest of the Corporation to amend the Certificate of Incorporation of the Corporation as filed on June 22, 1995 (the "*Certificate of Incorporation*"), by deleting Article First of the Certificate of Incorporation in its entirety and replacing it with the following:

"<u>FIRST</u>:      The name of the Corporation is Arjent Ltd. (the "*Corporation*")."

SECOND:      That, by written consent executed in accordance with Section 228 of the General Corporation Law of the State of Delaware, the holders of a majority of the outstanding stock of the Corporation entitled to vote thereon, and the holders of a majority of the outstanding stock of each class entitled to vote thereon as a class, was given written notice of the proposed amendments to the Certificate of Incorporation and voted in favor of the adoption of the amendments to the Certificate of Incorporation.

THIRD:      That said amendment was duly adopted in accordance with Section 242 of the General Corporation Law of the State of Delaware.

IN WITNESS WHEREOF, said VC ARJENT LTD. has caused this certificate to be signed by Robert Fallah, its President, as of November 28, 2006.

<u>/s/ Robert Fallah</u>
Robert Fallah,
President of VC Arjent Ltd.

83737

# EXHIBIT C

# FORM BD
# UNIFORM APPLICATION FOR BROKER-DEALER REGISTRATION

| Primary Business Name: ARJENT SERVICES LLC | BD Number: 131431 |
|---|---|

**BD - AMENDMENT**
**07/10/2008**

## BD - APPLICANT INFORMATION

OMB Number ...................................................3235-0012

Expires......................................................September 30, 2007
Estimated average burden hours per:
Response.......................................................2.75
Amendment.......................................................0.33

**WARNING:** Failure to keep this form current and to file accurate supplementary information on a timely basis, or the failure to keep accurate books and records or otherwise to comply with the provisions of law applying to the conduct of business as a broker-dealer would violate the Federal securities laws and the laws of the *jurisdictions* and may result in disciplinary, administrative, injunctive or criminal action.
**INTENTIONAL MISSTATEMENTS OR OMISSIONS OF FACTS MAY CONSTITUTE CRIMINAL VIOLATIONS.**

○ **APPLICATION** ◉ **AMENDMENT**

1. Exact name, principal business address, mailing address, if different, and telephone number of *applicant:*

   A. **Full name of** *applicant* **(if sole proprietor, state last, first and middle name):**
   ARJENT SERVICES LLC

   B. **IRS Empl. Ident. No.:**
   32-0088304

   C. (1) Name under which broker-dealer business primarily is conducted, if different from Item 1A.
   ARJENT SERVICES LLC

   (2) List on Schedule D, Page 1, Section I, Other Business Names any other name by which the firm conducts business and where it is used.

   D. If this filing makes a name change on behalf of the *applicant*, enter the new name and specify whether the name change is of the
   ☐ *applicant* name (1A) or ☐ business name (1C):
   *Please check above.*

   E. **Firm main address:** **(Do not use a P.O. Box)**

   | Number and Street 1: | | Number and Street 2: | |
   |---|---|---|---|
   | 570 LEXINGTON AVENUE | | 22ND FLOOR | |
   | **City:** | **State:** | **Country:** | **Zip/Postal Code:** |
   | NEW YORK | New York | UNITED STATES | 10022 |

   F. **Mailing Address, if different:**

   | **Number and Street 1:** | | **Number and Street 2:** | |
   |---|---|---|---|
   | 570 LEXINGTON AVENUE | | 22ND FLOOR | |
   | **City:** | **State:** | **Country:** | **Zip/Postal Code:** |
   | NEW YORK | New York | UNITED STATES | 10022 |

   G. **Business Telephone Number:**
   212-446-0006

   H. **Contact Employee:**

   | **Name:** | **Title:** | **Telephone Number:** |
   |---|---|---|
   | GEORGE DAVANZO | CEO | 212-446-0006 |

## BD - EXECUTION

**EXECUTION:**
For the purposes of complying with the laws of the State(s) designated in Item 2 relating to either the offer or sale of securities or commodities, the undersigned and *applicant* hereby certify that the *applicant* is in compliance with applicable state surety bonding requirements and irrevocably appoint the administrator of each of those State(s) or such other person designated by law, and the successors in such office, attorney for the *applicant* in said State(s), upon whom may be served any notice, process, or pleading in any action or *proceeding* against the *applicant* arising

out of or in connection with the offer or sale of securities or commodities, or out of the violation or alleged violation of the laws of those State(s), and the *applicant* hereby consents that any such action or *proceeding* against the *applicant* may be commenced in any court of competent jurisdiction and proper venue within said State(s) by service of process upon said appointee with the same effect as if *applicant* were a resident in said State(s) and had lawfully been served with process in said State(s).

The *applicant* consents that service of any civil action brought by or notice of any *proceeding* before the Securities and Exchange Commission or any *self-regulatory organization* in connection with the *applicant's* broker-dealer activities, or of any application for a protective decree filed by the Securities Investor Protection Corporation, may be given by registered or certified mail or confirmed telegram to the *applicant's* contact employee at the main address, or mailing address if different, given in Items 1E and 1F.

The undersigned, being first duly sworn, deposes and says that he/she has executed this form on behalf of, and with the authority of, said *applicant*. The undersigned and *applicant* represent that the information and statements contained herein, including exhibits attached hereto, and other information filed herewith, all of which are made a part hereof, are current, true and complete. The undersigned and *applicant* further represent that to the extent any information previously submitted is not amended such information is currently accurate and complete.

| Date MM/DD/YYYY | Name of Applicant |
|---|---|
| 07/10/2008 | ARJENT SERVICES LLC |

| Authorized Signatory | Title |
|---|---|
| MONICA DIFIORE | CCO |

Subscribed and sworn before me this _____ day of _____, _____ by
                                                                                              Year

_____
Notary Public

My commission expires _____ County of _____ State of _____

## BD - SECURITIES AND EXCHANGE COMMISSION

2. Indicate by checking the appropriate box(es) each governmental authority, organization, or *jurisdiction*   ☑
in which the *applicant* is registered or registering as a broker-dealer.

If *applicant* is registered or registering with the SEC, check here and answer Items 2A through 2D below.

                                                                                                                    **YES   NO**

A. Is *applicant* registered or registering as a broker-dealer under Section 15(b) or Section 15B of the          ⊙     ○
   Securities Exchange Act of 1934?

B. Is *applicant* registered or registering as a broker-dealer under Section 15(b) of the Securities Exchange      ⊙     ○
   Act of 1934 and also acting or intending to act as a government securities broker or dealer?

C. Is *applicant* registered or registering <u>solely</u> as a government securities broker or dealer under Section   ○     ⊙
   15C of the Securities Exchange Act of 1934?
   *Do not answer "yes" to Item 2C if applicant answered "yes" to Item 2A or Item 2B.*

D. Is *applicant* ceasing its activities as a government securities broker or dealer?                              ○     ⊙

*If applicant answers "yes" to Items 2A and 2D, applicant expressly consents to the withdrawal of its registration as a government securities broker or dealer under Section 15C of the Securities Exchange Act of 1934. See "Instructions."*

## SECURITY FUTURES PRODUCTS ACTIVITIES

(Note: The field below is reserved exclusively for the reporting of single stock futures activities by registered broker-dealers. This field cannot be utilized until the SEC approves rules relating to the form and content of such reporting.)

## BD - SRO / JURISDICTION

## BD - SELF REGULATORY ORGANIZATIONS

| ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|---|---|
| AMEX | BSE | CBOE | CHX | NSX | FINRA | NqLX | NQX | NYSE | PHLX | ARCA | ISE |

## BD - JURISDICTION

| | | | |
|---|---|---|---|
| ☑ Alabama | ☑ Illinois | ☑ Montana | ☑ Puerto Rico |
| ☑ Alaska | ☑ Indiana | ☑ Nebraska | ☑ Rhode Island |
| ☑ Arizona | ☑ Iowa | ☑ Nevada | ☑ South Carolina |
| ☑ Arkansas | ☑ Kansas | ☑ New Hampshire | ☑ South Dakota |
| ☑ California | ☑ Kentucky | ☑ New Jersey | ☑ Tennessee |
| ☑ Colorado | ☑ Louisiana | ☑ New Mexico | ☑ Texas |
| ☑ Connecticut | ☑ Maine | ☑ New York | ☑ Utah |
| ☑ Delaware | ☑ Maryland | ☑ North Carolina | ☑ Vermont |
| ☑ District of Columbia | ☑ Massachusetts | ☑ North Dakota | ☐ Virgin Islands |
| ☑ Florida | ☑ Michigan | ☑ Ohio | ☑ Virginia |
| ☑ Georgia | ☑ Minnesota | ☑ Oklahoma | ☑ Washington |
| ☑ Hawaii | ☑ Mississippi | ☑ Oregon | ☑ West Virginia |
| ☑ Idaho | ☑ Missouri | ☑ Pennsylvania | ☑ Wisconsin |
| | | | ☑ Wyoming |

## BD - LEGAL STATUS

3. A. Indicate legal status of *applicant*:

    ○ **Corporation**    ○ **Sole Proprietorship**    ○ **Other** *(specify)*

    ○ **Partnership**    ● **Limited Liability Company**

B. Month *applicant's* fiscal year ends:
DECEMBER

C. If other than a sole proprietor, indicate date and place *applicant* obtained its legal status (i.e., state or country where incorporated, where partnership agreement was filed, or where *applicant* entity was formed):

| State of formation: | Country of formation: | Date of formation: MM/DD/YYYY |
|---|---|---|
| Delaware | | 06/11/2003 |

*Schedule A, Direct Owners and Executive Officers Section and, if applicable, Schedule B, Indirect Owners Section must be completed as part of all initial applications. Amendments to these schedules must be provided on Schedule C.*

4. If *applicant* is a sole proprietor, state full residence address and Social Security Number.

**Social Security Number:**

**Number and Street 1:**                **Number and Street 2:**

**City:**            **State:**    **Country:**    **Zip/Postal Code:**

## BD - SUCCESSION

    **YES NO**

5. Is *applicant* at the time of this filing *succeeding* to the business of a currently registered broker-dealer?   ○ ●

    *Do not report previous successions already reported on Form BD.*

    *If "Yes," contact CRD prior to submitting form; complete appropriate items on Schedule D, Page 1, Section III.*

## BD - ARRANGEMENTS

    **Yes No**

6. Does *applicant* hold or maintain any funds or securities or provide clearing services for any other broker or dealer?   ○ ●

7. Does *applicant* refer or introduce customers to any other broker or dealer?     ◉  ○

   If "yes," complete appropriate items on Schedule D, Page 1, Section IV, Arrangement Detail.

8. Does *applicant* have any arrangement with any other *person*, firm, or organization under which:

   A. any books or records of *applicant* are kept or maintained by such other *person*, firm or organization?     ○  ◉

   B. accounts, funds, or securities of the *applicant* are held or maintained by such other *person*, firm, or organization?     ○  ◉

   C. accounts, funds, or securities of customers of the *applicant* are held or maintained by such other *person*, firm, or organization?     ○  ◉

   *For purposes of 8B and 8C, do not include a bank or satisfactory control location as defined in paragraph(c) of Rule 15c3-3 under the Securities Exchange Act of 1934 (17 CFR 240. 15c3-3).*
   *If "Yes" to any part of Item 8, complete appropriate items on Schedule D, Page 1, Section IV, Arrangement Detail.*

9. Does any *person* not named in Item 1 or Schedules A, B, or C, directly or indirectly:

   A. *control* the management or policies of the *applicant* through agreement or otherwise?     ○  ◉

   B. wholly or partially finance the business of *applicant*?     ○  ◉

   *Do not answer "yes" to 9B if the person finances the business of the applicant through: 1) a public offering of securities made pursuant to the Securities Act of 1933; 2) credit extended in the ordinary course of business by suppliers, banks, and others; or 3) a satisfactory subordination agreement, as defined in Rule 15c3-1 under the Securities Exchange Act of 1934 (17 CFR 240. 15c3-1).*
   *If "Yes" to any part of Item 9, complete appropriate items on Schedule D, Page 1, Section IV, Arrangement Detail.*

## BD - BUSINESS AFFILIATES

## BD - Control Affiliates

|  | YES | NO |
|---|---|---|

10. A. Directly or indirectly, does *applicant* control, is *applicant* controlled by, or is *applicant* under common *control* with, any partnership, corporation, or other organization that is engaged in the securities or investment advisory business?     ◉  ○

   *If "Yes" to Item 10A, complete appropriate items on Schedule D, Page 2, Section V, Firm Affiliates.*

   B. Directly or indirectly, is *applicant controlled* by any bank holding company, national bank, state member bank of the Federal Reserve System, state non-member bank, savings bank or association, credit union, or foreign bank?     ○  ◉

   *If "Yes" to Item 10B, complete appropriate items on Schedule D, Page 3, Section VI, Bank Affiliates.*

## BD - DISCLOSURE QUESTIONS

11. Use the appropriate DRP for providing details to "yes" answers to the questions in Item 11. Refer to the Explanation of Terms section of Form BD Instructions for explanations of italicized terms.

### CRIMINAL DISCLOSURE

A. In the past ten years has the *applicant* or a *control affiliate*:     YES  NO

   (1) been convicted of or pled guilty or nolo contendere ("no contest") in a domestic, foreign or military court to any *felony*?     ○  ◉

   (2) been *charged* with any *felony*?     ○  ◉

B. In the past ten years has the *applicant* or a *control affiliate*:

   (1) been convicted of or pled guilty or nolo contendere ("no contest") in a domestic, foreign or military

court to a *misdemeanor involving*: investments or an *investment-related* business, or any fraud, false statements or omissions, wrongful taking of property, bribery, perjury, forgery, counterfeiting, extortion, or a conspiracy to commit any of these offenses?

(2) been *charged* with a *misdemeanor* specified in 11B(1)?

## REGULATORY ACTION DISCLOSURE

C. Has the U.S. Securities and Exchange Commission or the Commodity Futures Trading Commission ever: **YES NO**

  (1) *found* the *applicant* or a *control affiliate* to have made a false statement or omission?

  (2) *found* the *applicant* or a *control affiliate* to have been *involved* in a violation of its regulations or statutes?

  (3) *found* the *applicant* or a *control affiliate* to have been a cause of an *investment-related* business having its authorization to do business document, suspended, revoked, or restricted?

  (4) entered an *order* against the *applicant* or a *control affiliate* in connection with an *investment-related* activity?

  (5) imposed a civil money penalty on the *applicant* or a *control affiliate*, or ordered the *applicant* or a *control affiliate* to cease and desist from any activity?

D. Has any other federal regulatory agency, any state regulatory agency, or *foreign financial regulatory authority*:

  (1) ever *found* the *applicant* or a *control affiliate* to have made a false statement or omission or been dishonest, unfair, or unethical?

  (2) ever *found* the *applicant* or a *control affiliate* to have been *involved* in a violation of *investment-related* regulations or statutes?

  (3) ever *found* the *applicant* or a *control affiliate* to have been a cause of an *investment-related* business having its authorization to do business denied, suspended, revoked, or restricted?

  (4) in the past ten years, entered an *order* against the *applicant* or a *control affiliate* in connection with an *investment-related* activity?

  (5) ever denied, suspended, or revoked the *applicant*'s or a *control affiliate*'s registration or license or otherwise, by *order*, prevented it from associating with an *investment-related* business or restricted its activities?

E. Has any *self-regulatory organization* or commodities exchange ever:

  (1) *found* the *applicant* or a *control affiliate* to have made a false statement or omission?

  (2) *found* the *applicant* or a *control affiliate* to have been *involved* in a violation of its rules (other than a violation designated as a *"minor rule violation"* under a plan approved by the U.S. Securities and Exchange Commission)?

  (3) *found* the *applicant* or a *control affiliate* to have been the cause of an *investment-related* business having its authorization to do business denied, suspended, revoked, or restricted?

  (4) disciplined the *applicant* or a *control affiliate* by expelling or suspending it from membership, barring or suspending its association with other members, or otherwise restricting its activities?

F. Has the *applicant's* or a *control affiliate's* authorization to act as an attorney, accountant, or federal contractor ever been revoked or suspended?

G. Is the *applicant* or a *control affiliate* now the subject of any regulatory *proceeding* that could result in a "yes" answer to any part of 11C, D, or E?

## CIVIL JUDICIAL ACTION DISCLOSURE

H. (1) Has any domestic or foreign court:              **YES NO**

    (a) in the past ten years, *enjoined* the *applicant* or a *control affiliate* in connection with any *investment-related* activity?

    (b) ever *found* that the *applicant* or a *control affiliate* was *involved* in a violation of *investment-related* statutes or regulations?

    (c) ever dismissed, pursuant to a settlement agreement, an *investment-related* civil action brought against the *applicant* or *control affiliate* by a state or *foreign financial regulatory authority*?

  (2) Is the *applicant* or a *control affiliate* now the subject of any civil *proceeding* that could result in a "yes" answer to any part of 11H(1)?

## FINANCIAL DISCLOSURE

| | | YES | NO |
|---|---|---|---|
| I. | In the past ten years has the *applicant* or a *control affiliate* of the *applicant* ever been a securities firm or a *control affiliate* of a securities firm that: | | |
| | (1)  has been the subject of a bankruptcy petition? | ○ | ◉ |
| | (2)  has had a trustee appointed or a direct payment procedure initiated under the Securities Investor Protection Act? | ○ | ◉ |
| J. | Has a bonding company ever denied, paid out on, or revoked a bond for the *applicant*? | ○ | ◉ |
| K. | Does the *applicant* have any unsatisfied judgments or liens against it? | ○ | ◉ |

## BD – TYPES OF BUSINESS

12. Check types of business engaged in (or to be engaged in, if not yet active) by *applicant*. Do not check any category that accounts for (or is expected to account for) less than 1% of annual revenue from the securities or investment advisory business.

| | | | |
|---|---|---|---|
| A. | Exchange member engaged in exchange commission business other than floor activities. | ☐ | **EMC** |
| B. | Exchange member engaged in floor activities. | ☐ | **EMF** |
| C. | Broker or dealer making inter-dealer markets in corporate securities over-the-counter. | ☐ | **IDM** |
| D. | Broker or dealer retailing corporate equity securities over-the-counter. | ☑ | **BDR** |
| E. | Broker or dealer selling corporate debt securities. | ☑ | **BDD** |
| F. | Underwriter or selling group participant (corporate securities other than mutual funds). | ☑ | **USG** |
| G. | Mutual fund underwriter or sponsor. | ☐ | **MFU** |
| H. | Mutual fund retailer. | ☑ | **MFR** |
| I. | 1.  U.S. government securities dealer. | ☐ | **GSD** |
| | 2.  U.S. government securities broker. | ☑ | **GSB** |
| J. | Municipal securities dealer. | ☐ | **MSD** |
| K. | Municipal securities broker. | ☐ | **MSB** |
| L. | Broker or dealer selling variable life insurance or annuities. | ☐ | **VLA** |
| M. | Solicitor of time deposits in a financial institution. | ☐ | **SSL** |
| N. | Real estate syndicator. | ☑ | **RES** |
| O. | Broker or dealer selling oil and gas interests. | ☐ | **OGI** |
| P. | Put and call broker or dealer or option writer. | ☐ | **PCB** |
| Q. | Broker or dealer selling securities of only one issuer or associate issuers (other than mutual funds). | ☐ | **BIA** |
| R. | Broker or dealer selling securities of non-profit organizations (e.g., churches, hospitals). | ☐ | **NPB** |
| S. | Investment advisory services. | ☐ | **IAD** |
| T. | 1.  Broker or dealer selling tax shelters or limited partnerships in primary distributions. | ☐ | **TAP** |
| | 2.  Broker or dealer selling tax shelters or limited partnerships in the secondary market. | ☐ | **TAS** |
| U. | Non-exchange member arranging for transactions in listed securities by exchange member. | ☐ | **NEX** |
| V. | Trading securities for own account. | ☐ | **TRA** |
| W. | Private placement of securities. | ☑ | **PLA** |
| X. | Broker or dealer selling interests in mortgages or other receivables. | ☑ | **MRI** |
| Y. | Broker or dealer involved in a networking, kiosk or similar arrangement with a: | | |
| | 1.  bank, savings bank or association, or credit union. | ☐ | **BNA** |
| | 2.  insurance company or agency | ☐ | **INA** |
| Z. | Other *(give details on Schedule D, Page 1, Section II, Other Business)* | ☐ | **OTH** |

| | | YES | NO |
|---|---|---|---|
| 13. A. | Does *applicant* effect transactions in commodity futures, commodities or commodity options as a broker for others or as a dealer for its own account? | ○ | ◉ |

Case 1:08-cv-06510-LTS    Document 3-4    Filed 07/23/2008    Page 8 of 14

B. Does *applicant* engage in any other non-securities business?    ○ ●

*If "yes", describe each other business briefly on Schedule D, Page 1, Section II, Other Business.*

## BD - DIRECT OWNERS

Are there any indirect owners of the *applicant* required to be reported on Schedule B?

○ Yes  ● No

Ownership Codes:    NA  - less than 5%              B - 10% but less than 25%          D - 50% but less than 75%
                   A   - 5% but less than 10%      C - 25% but less than 50%          E - 75% or more

| Full Legal Name | DE/FE/I | Title or Status | Date Acquired | Own. Code | Control Person | PR | CRD #(or S.S.No., IRS Tax #, Emp. ID) |
|---|---|---|---|---|---|---|---|
| ARJENT SERVICES LIMITED (DELAWARE) | FE | OWNER | 11/2006 | E | N | N | FOREIGN |
| DAVANZO, GEORGE | I | CEO, CFO, DIRECTOR | 02/2007 | NA | Y | N | 1866674 |
| DEPALO, ROBERT PHILIP | I | CHAIRMAN AND PRESIDENT | 11/2006 | NA | Y | N | 2946313 |
| DIFIORE, MONICA LISA | I | CCO | 02/2007 | NA | N | N | 2966552 |
| HEINEMAN, RONALD MARK | I | CROP, SROP | 07/2008 | NA | N | N | 241924 |

## BD - INDIRECT OWNERS

## No Information Filed

## BD Schedule C - Amendments to Schedules A & B

In the Type of Amd. column, indicate "A" (addition), "D" (deletion), or "C" (change of information about the same *person*).

Ownership Codes are: NA- less than 5%        B - 10% but less than 25%  D - 50% but less than 75%  F - Other General Partners
                     A  - 5% but less than 10%  C - 25% but less than 50%  E - 75% or more

List below all changes to Schedule A: (DIRECT OWNERS AND EXECUTIVE OFFICERS)

| Full Legal Name | DE/FE/I | Type of Amd. | Title or Status | Date Acquired | Own. Code | Control Person | PR | CRD # (or SSN, IRS Tax #, Emp. ID) |
|---|---|---|---|---|---|---|---|---|
| HEINEMAN, RONALD MARK | I | C | CROP, SROP | 07/2008 | NA | N | N | 241924 |

List below all changes to Schedule B: (INDIRECT OWNERS)

| Full Legal Name | DE/FE/I | Type of Amd. | Entity in Which Interest is Owned | Status | Date Acquired | Own. Code | Control Person | PR | CRD # (or SSN, IRS Tax #, Emp. ID) |
|---|---|---|---|---|---|---|---|---|---|

## No Information Filed

## BD - OTHER BUSINESS NAMES

## No Information Filed

## BD - OTHER BUSINESS

Briefly describe any other business (Item 12Z).

Briefly describe any other non-securities business (Item 13B).

## BD - SUCCESSIONS

Date of Succession: MM/DD/YYYY        Name of Predecessor:

Firm CRD Number                IRS Employer Identification Number (if any)        SEC File Number (if any)

**-8-**

Briefly describe details of the *succession* including any assets or liabilities not assumed by the *successor*.

---

## BD – ARRANGEMENTS / CONTROL PERSONS / FINANCING

| (check one) | ⊙ Item 7 | ○ Item 8A | ○ Item 8B | ○ Item 8C | ○ Item 9A | ○ Item 9B |
|---|---|---|---|---|---|---|

*Applicant* must complete a separate Schedule D Page 1, Arrangement Detail for each affirmative response in this section including any multiple responses to any item. Complete the "Effective Date" box with Month, Day and Year that the arrangement or agreement became effective. When reporting a change or termination of an arrangement or agreement, enter the effective date of the change.

| **Organization/Individual Name:**<br>RBC DAIN RAUSCHER INC. | **CRD Number:**<br>31194 | ⊙ **Entity**<br>○ **Individual** |
|---|---|---|

**Business Address**

| **Street 1:**<br>60 S. SIXTH STREET | | **Street 2:** | |
|---|---|---|---|
| **City:**<br>MINNEAPOLIS | **State:**<br>Minnesota | **Country:**<br>USA | **Zip/Postal Code:**<br>55402 |

| **Effective Date** MM/DD/YYYY<br>08/01/2004 | **Termination Date** MM/DD/YYYY |
|---|---|

**Briefly describe the nature of reference or arrangement (ITEM 7 or ITEM 8); the nature of the *control* or agreement (ITEM 9A); or the method and amount of financing (ITEM 9B)**

FULLY DISCLOSED CLEARING ARRANGEMENT.

---

## BD – AFFILIATES

### Business

The details supplied relate to:

| **Partnership, Corporation, or Organization Name**<br>ARJENT LTD. | **CRD Number (if any)**<br>35909 |
|---|---|

**The Partnership, Corporation, or Organization**

○ **controls applicant**

○ **is *controlled* by *applicant***

⊙ **is under common *control* with *applicant***

**Business Address**

| **Street 1**<br>570 LEXINGTON AVENUE | | **Street 2** | |
|---|---|---|---|
| **City**<br>NEW YORK | **State**<br>New York | **Country**<br>USA | **Zip/Postal Code**<br>10022 |

| **Effective Date** (MM/DD/YYYY)<br>11/22/2006 | **Termination Date** (MM/DD/YYYY) |
|---|---|

| **Is Partnership, Corporation or Organization a foreign entity?**<br>○Yes ⊙No | **If Yes, provide country of domicile or incorporation** |
|---|---|

**Activities of this Partnership, Corporation, or Organization:**

| **Securities Activities** | ⊙ Yes ○No |
|---|---|
| **Investment Advisory Activities** | ○ Yes ⊙No |

**Briefly describe the *control* relationship**

ARJENT LTD, & ARJENT SERVICES, LLC, BOTH NASD MEMBERS ARE OWNED 100% BY ARJENT SERVICES LIMITED.

---

## BD – BRANCHES

No Information Filed

| **BD - CRIMINAL DRP** |
|:---:|
| No Information Filed |
| **BD - REGULATORY ACTION DRP** |

---

This Disclosure Reporting Page (DRP BD) is an ○ **INITIAL OR** ● **AMENDED** response used to report details for affirmative responses to *Items 11C, 11D, 11E, 11F or 11G* of Form BD;

**Check item(s) being responded to:**

**Regulatory Action**

| | | | |
|---|---|---|---|
| ☐ **11C(1)** | ☐ **11C(5)** | ☐ **11D(4)** | ☐ **11E(3)** |
| ☐ **11C(2)** | ☐ **11D(1)** | ☐ **11D(5)** | ☑ **11E(4)** |
| ☐ **11C(3)** | ☐ **11D(2)** | ☐ **11E(1)** | ☐ **11F** |
| ☐ **11C(4)** | ☐ **11D(3)** | ☑ **11E(2)** | ☐ **11G** |

Use a separate DRP for each event or *proceeding*. An event or *proceeding* may be reported for more than one *person* or entity using one DRP. File with a completed Execution Page.

One event may result in more than one affirmative answer to Items 11C, 11D, 11E, 11F or 11G. Use only one DRP to report details related to the same event. If an event gives rise to actions by more than one regulator, provide details to each action on a separate DRP.

It is not a requirement that documents be provided for each event or *proceeding*. Should they be provided, they will not be accepted as disclosure in lieu of answering the questions on this DRP.

If a *control affiliate* is an individual or organization registered through the CRD, such *control affiliate* need only complete Part I of the *applicant's* appropriate DRP (BD). Details of the event must be submitted on the *control affiliate's* appropriate DRP (BD) or DRP (U4). If a *control affiliate* is an individual or organization not registered through the CRD, provide complete answers to all the items on the *applicant's* appropriate DRP (BD). The completion of this DRP does not relieve the *control affiliate* of its obligation to update its CRD records.

**PART I**

A. The *person(s)* or entity(ies) for whom this DRP is being filed is (are):

　○ **The Applicant**

　○ *Applicant* and one or more *control affiliates*

　● **One or more *control affiliates***

---

If this DRP is being filed for a *control affiliate*, give the full name of the *control affiliate* below (for individuals, Last name, First name, Middle name).
If the *control affiliate* is registered with the CRD, provide the CRD number. If not, indicate "non-registered" by checking the appropriate checkbox.

---

| **BD DRP - *Control Affiliate*** | | |
|---|---|---|
| **Control Affiliate Name** | **CRD#** | **Registered** |
| ARJENT LTD. | 35909 | Y |

☐ **This DRP should be removed from the BD record because the *control affiliate(s)* are no longer associated with the BD.**

---

B. If the *control affiliate* is registered through the CRD, has the *control affiliate* submitted a DRP (with Form U4) or BD DRP to the CRD System for the event? If the answer is "Yes," no other information on this DRP must be provided.

　● **Yes** ○ **No**

**NOTE:** The completion of this form does <u>not</u> relieve the *control affiliate* of its obligation to update its CRD records.

---

**PART II**

---

1. Regulatory Action initiated by:

   ○ **SEC**   ○ **Other Federal**   ○ **State**   ○ *SRO*   ○ **Foreign**
   (Full name of regulator, *foreign financial regulatory authority*, federal, state, or *SRO*)

---

2. Principal Sanction:

   Other Sanctions:

---

3. Date Initiated (MM/DD/YYYY):

   ○ **Exact**   ○ **Explanation**
   If not exact, provide explanation:

---

4. Docket/Case Number:

---

5. *Control Affiliate* Employing Firm when activity occurred which led to the regulatory action (if applicable):

---

6. Principal Product Type:

   Other Product Types:

---

7. Describe the allegations related to this regulatory action. (The information must fit within the space provided.)

---

8. Current status ?   ○ **Pending**   ○ **On Appeal**   ○ **Final**

---

9. If on appeal, regulatory action appealed to: (SEC, *SRO*, Federal or State Court) and Date Appeal Filed:

---

**If Final or On Appeal, complete all items below. For Pending Actions, complete Item 13 only.**

---

10. How was matter resolved:

---

11. Resolution Date (MM/DD/YYYY):

    ○ **Exact**   ○ **Explanation**
    If not exact, provide explanation:

---

12. **Resolution Detail:**

    A. Were any of the following Sanctions Ordered? (Check all appropriate items):

    ☐ **Monetary/Fine**                    **Amount: $**
    ☐ **Revocation/Expulsion/Denial**      ☐ **Disgorgement/Restitution**
    ☐ **Censure**                          ☐ **Cease and Desist/Injunction**
    ☐ **Bar**                              ☐ **Suspension**

    B. Other Sanctions Ordered:

    C. Sanction detail: if *suspended*, *enjoined* or *barred*, provide duration including start date and capacities affected (General Securities Principal, Financial Operations Principal, etc.). If requalification by exam/retraining was a condition of the sanction, provide length of time given to requalify/retrain, type of

exam required and whether condition has been satisfied. If disposition resulted in a fine, penalty, restitution, disgorgement or monetary compensation, provide total amount, portion levied against *applicant* or *control affiliate*, date paid and if any portion of penalty was waived:

---

13. Provide a brief summary of details related to the action status and (or) disposition and include relevant terms, conditions and dates. (The information must fit within the space provided.)

---

This Disclosure Reporting Page (DRP BD) is an ○ **INITIAL OR** ⊙ **AMENDED** response used to report details for affirmative responses to *Items 11C, 11D, 11E, 11F or 11G* of Form BD;

**Check item(s) being responded to:**

### Regulatory Action

| | | | |
|---|---|---|---|
| ☐ **11C(1)** | ☐ **11C(5)** | ☐ **11D(4)** | ☐ **11E(3)** |
| ☑ **11C(2)** | ☐ **11D(1)** | ☐ **11D(5)** | ☐ **11E(4)** |
| ☐ **11C(3)** | ☐ **11D(2)** | ☐ **11E(1)** | ☐ **11F** |
| ☑ **11C(4)** | ☐ **11D(3)** | ☐ **11E(2)** | ☐ **11G** |

Use a separate DRP for each event or *proceeding*. An event or *proceeding* may be reported for more than one *person* or entity using one DRP. File with a completed Execution Page.

One event may result in more than one affirmative answer to Items 11C, 11D, 11E, 11F or 11G. Use only one DRP to report details related to the same event. If an event gives rise to actions by more than one regulator, provide details to each action on a separate DRP.

It is not a requirement that documents be provided for each event or *proceeding*. Should they be provided, they will not be accepted as disclosure in lieu of answering the questions on this DRP.

If a *control affiliate* is an individual or organization registered through the CRD, such *control affiliate* need only complete Part I of the *applicant's* appropriate DRP (BD). Details of the event must be submitted on the *control affiliate's* appropriate DRP (BD) or DRP (U4). If a *control affiliate* is an individual or organization not registered through the CRD, provide complete answers to all the items on the *applicant's* appropriate DRP (BD). The completion of this DRP does not relieve the *control affiliate* of its obligation to update its CRD records.

### PART I

A. The *person(s)* or entity(ies) for whom this DRP is being filed is (are):

○ **The *Applicant***

○ ***Applicant*** and one or more *control affiliates*

⊙ **One or more *control affiliates***

If this DRP is being filed for a *control affiliate*, give the full name of the *control affiliate* below (for individuals, Last name, First name, Middle name).
If the *control affiliate* is registered with the CRD, provide the CRD number. If not, indicate "non-registered" by checking the appropriate checkbox.

| **BD DRP - *Control Affiliate*** | | |
|---|---|---|
| **Control Affiliate Name** | **CRD#** | **Registered** |
| ARJENT LTD. | 35909 | Y |

☐ **This DRP should be removed from the BD record because the *control affiliate(s)* are no longer associated with the BD.**

---

B. If the *control affiliate* is registered through the CRD, has the *control affiliate* submitted a DRP (with Form U4) or BD DRP to the CRD System for the event? If the answer is "Yes," no other information on this DRP must be provided.

⊙ **Yes** ○ **No**

**NOTE:** The completion of this form does not relieve the *control affiliate* of its obligation to update its CRD records.

**PART II**

1. Regulatory Action initiated by:

   ○ **SEC** ○ **Other Federal** ○ **State** ○ *SRO* ○ **Foreign**
   (Full name of regulator, *foreign financial regulatory authority*, federal, state, or *SRO*)

2. Principal Sanction:

   Other Sanctions:

3. Date Initiated (MM/DD/YYYY):

   ○ **Exact** ○ **Explanation**
   If not exact, provide explanation:

4. Docket/Case Number:

5. *Control Affiliate* Employing Firm when activity occurred which led to the regulatory action (if applicable):

6. Principal Product Type:

   Other Product Types:

7. Describe the allegations related to this regulatory action. (The information must fit within the space provided.)

8. Current status ? ○ **Pending** ○ **On Appeal** ○ **Final**

9. If on appeal, regulatory action appealed to: (SEC, *SRO*, Federal or State Court) and Date Appeal Filed:

**If Final or On Appeal, complete all items below. For Pending Actions, complete Item 13 only.**

10. How was matter resolved:

11. Resolution Date (MM/DD/YYYY):

    ○ **Exact** ○ **Explanation**
    If not exact, provide explanation:

12. **Resolution Detail:**

    A. Were any of the following Sanctions Ordered? (Check all appropriate items):

    ☐ **Monetary/Fine**                          **Amount: $**
    ☐ **Revocation/Expulsion/Denial**            ☐ **Disgorgement/Restitution**
    ☐ **Censure**                                ☐ **Cease and Desist/Injunction**
    ☐ **Bar**                                    ☐ **Suspension**

    B. Other Sanctions Ordered:

    C. Sanction detail: if suspended, *enjoined* or barred, provide duration including start date and capacities affected (General Securities Principal, Financial Operations Principal, etc.). If requalification by

exam/retraining was a condition of the sanction, provide length of time given to requalify/retrain, type of exam required and whether condition has been satisfied. If disposition resulted in a fine, penalty, restitution, disgorgement or monetary compensation, provide total amount, portion levied against *applicant* or *control affiliate*, date paid and if any portion of penalty was waived:

13. Provide a brief summary of details related to the action status and (or) disposition and include relevant terms, conditions and dates. (The information must fit within the space provided.)

| **BD – CIVIL JUDICIAL DRP** |
|---|
| No Information Filed |

| **BD – BANKRUPTCY DRP** |
|---|
| No Information Filed |

| **BD – BOND DRP** |
|---|
| No Information Filed |

| **BD – JUDGMENT LIEN DRP** |
|---|
| No Information Filed |

# EXHIBIT D

# FORM BD

# UNIFORM APPLICATION FOR BROKER-DEALER REGISTRATION

| Primary Business Name: ARJENT LTD. | BD Number: 35909 |
|---|---|

**BD - AMENDMENT**
**03/05/2008**

## BD - APPLICANT INFORMATION

OMB Number ...............................................3235-0012

Expires.....................................................September 30, 2007
Estimated average burden hours per:
Response.......................................................2.75
Amendment....................................................0.33

**WARNING:** Failure to keep this form current and to file accurate supplementary information on a timely basis, or the failure to keep accurate books and records or otherwise to comply with the provisions of law applying to the conduct of business as a broker-dealer would violate the Federal securities laws and the laws of the *jurisdictions* and may result in disciplinary, administrative, injunctive or criminal action. **INTENTIONAL MISSTATEMENTS OR OMISSIONS OF FACTS MAY CONSTITUTE CRIMINAL VIOLATIONS.**

○ **APPLICATION** ◉ **AMENDMENT**

1. Exact name, principal business address, mailing address, if different, and telephone number of *applicant:*

   A. **Full name of** *applicant***(if sole proprietor, state last, first and middle name):**
      ARJENT LTD.

   B. **IRS Empl. Ident. No.:**
      22-3387223

   C. (1) Name under which broker-dealer business primarily is conducted, if different from Item 1A.
      ARJENT LTD.

      (2) List on Schedule D, Page 1, Section I, Other Business Names any other name by which the firm conducts business and where it is used.

   D. If this filing makes a name change on behalf of the *applicant*, enter the new name and specify whether the name change is of the
      ☐ *applicant* name (1A) or ☐ business name (1C):
      *Please check above.*

   E. **Firm main address: (Do not use a P.O. Box)**
      Number and Street 1:                    Number and Street 2:
      570 LEXINGTON AVENUE                     22ND FLOOR
      **City:**              **State:**        **Country:**              **Zip/Postal Code:**
      NEW YORK              New York           UNITED STATES             10022

   F. **Mailing Address, if different:**
      **Number and Street 1:**                **Number and Street 2:**
      570 LEXINGTON AVENUE                     22ND FLOOR
      **City:**              **State:**        **Country:**              **Zip/Postal Code:**
      NEW YORK              New York           UNITED STATES             10022

   G. **Business Telephone Number:**
      212-446-0006

   H. **Contact Employee:**
      **Name:**                     **Title:**                **Telephone Number:**
      RONALD HEINEMAN,              MANAGING DIRECTOR         212-446-0006

## BD - EXECUTION

**EXECUTION:**
For the purposes of complying with the laws of the State(s) designated in Item 2 relating to either the offer or sale of securities or commodities, the undersigned and *applicant* hereby certify that the *applicant* is in compliance with applicable state surety bonding requirements and irrevocably appoint the administrator of each of those State(s) or such other person designated by law, and the successors in such office, attorney for the *applicant* in said State(s), upon whom may be served any notice, process, or pleading in any action or *proceeding* against the *applicant* arising

out of or in connection with the offer or sale of securities or commodities, or out of the violation or alleged violation of the laws of those State(s), and the *applicant* hereby consents that any such action or *proceeding* against the *applicant* may be commenced in any court of competent jurisdiction and proper venue within said State(s) by service of process upon said appointee with the same effect as if *applicant* were a resident in said State(s) and had lawfully been served with process in said State(s).

The *applicant* consents that service of any civil action brought by or notice of any *proceeding* before the Securities and Exchange Commission or any *self-regulatory organization* in connection with the *applicant's* broker-dealer activities, or of any application for a protective decree filed by the Securities Investor Protection Corporation, may be given by registered or certified mail or confirmed telegram to the *applicant's* contact employee at the main address, or mailing address if different, given in Items 1E and 1F.

The undersigned, being first duly sworn, deposes and says that he/she has executed this form on behalf of, and with the authority of, said *applicant*. The undersigned and *applicant* represent that the information and statements contained herein, including exhibits attached hereto, and other information filed herewith, all of which are made a part hereof, are current, true and complete. The undersigned and *applicant* further represent that to the extent any information previously submitted is not amended such information is currently accurate and complete.

| **Date MM/DD/YYYY**<br>03/05/2008 | **Name of Applicant**<br>ARJENT LTD. |
|---|---|
| **Authorized Signatory**<br>MONICA DIFIORE | **Title**<br>CCO |

Subscribed and sworn before me this _____ day of _____, _____ by

_____                Year

Notary Public

My commission expires _____ County of _____ State of _____

## BD - SECURITIES AND EXCHANGE COMMISSION

2. Indicate by checking the appropriate box(es) each governmental authority, organization, or *jurisdiction* ☑ in which the *applicant* is registered or registering as a broker-dealer.

If *applicant* is registered or registering with the SEC, check here and answer Items 2A through 2D below.

|  | YES | NO |
|---|---|---|
| A. Is *applicant* registered or registering as a broker-dealer under Section 15(b) or Section 15B of the Securities Exchange Act of 1934? | ◉ | ○ |
| B. Is *applicant* registered or registering as a broker-dealer under Section 15(b) of the Securities Exchange Act of 1934 and also acting or intending to act as a government securities broker or dealer? | ◉ | ○ |
| C. Is *applicant* registered or registering solely as a government securities broker or dealer under Section 15C of the Securities Exchange Act of 1934?<br>*Do not answer "yes" to Item 2C if applicant answered "yes" to Item 2A or Item 2B.* | ○ | ◉ |
| D. Is *applicant* ceasing its activities as a government securities broker or dealer? | ○ | ◉ |

*If applicant answers "yes" to Items 2A and 2D, applicant expressly consents to the withdrawal of its registration as a government securities broker or dealer under Section 15C of the Securities Exchange Act of 1934. See "Instructions."*

## SECURITY FUTURES PRODUCTS ACTIVITIES

(Note: The field below is reserved exclusively for the reporting of single stock futures activities by registered broker-dealers. This field cannot be utilized until the SEC approves rules relating to the form and content of such reporting.)

## BD - SRO / JURISDICTION

## BD - SELF REGULATORY ORGANIZATIONS

| ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ |
|---|---|---|---|---|---|---|---|---|---|---|---|
| AMEX | BSE | CBOE | CHX | NSX | FINRA | NqLX | NQX | NYSE | PHLX | ARCA | ISE |

## BD - JURISDICTION

| | | | |
|---|---|---|---|
| ☐ Alabama | ☐ Illinois | ☐ Montana | ☐ Puerto Rico |
| ☐ Alaska | ☐ Indiana | ☐ Nebraska | ☑ Rhode Island |
| ☑ Arizona | ☐ Iowa | ☑ Nevada | ☐ South Carolina |
| ☐ Arkansas | ☑ Kansas | ☐ New Hampshire | ☑ South Dakota |
| ☑ California | ☐ Kentucky | ☑ New Jersey | ☑ Tennessee |
| ☐ Colorado | ☐ Louisiana | ☐ New Mexico | ☐ Texas |
| ☐ Connecticut | ☐ Maine | ☐ New York | ☐ Utah |
| ☐ Delaware | ☐ Maryland | ☐ North Carolina | ☐ Vermont |
| ☐ District of Columbia | ☐ Massachusetts | ☐ North Dakota | ☐ Virgin Islands |
| ☐ Florida | ☑ Michigan | ☐ Ohio | ☐ Virginia |
| ☑ Georgia | ☐ Minnesota | ☐ Oklahoma | ☐ Washington |
| ☑ Hawaii | ☐ Mississippi | ☐ Oregon | ☑ West Virginia |
| ☐ Idaho | ☐ Missouri | ☐ Pennsylvania | ☐ Wisconsin |
| | | | ☑ Wyoming |

## BD - LEGAL STATUS

3. A. Indicate legal status of *applicant*:

⦿ **Corporation**     ○ **Sole Proprietorship**     ○ **Other** *(specify)*

○ **Partnership**     ○ **Limited Liability Company**

B. Month *applicant's* fiscal year ends:
DECEMBER

C. If other than a sole proprietor, indicate date and place *applicant* obtained its legal status (i.e., state or country where incorporated, where partnership agreement was filed, or where *applicant* entity was formed):

| State of formation: | Country of formation: | Date of formation: MM/DD/YYYY |
|---|---|---|
| Delaware | | 11/23/1993 |

*Schedule A, Direct Owners and Executive Officers Section and, if applicable, Schedule B, Indirect Owners Section must be completed as part of all initial applications. Amendments to these schedules must be provided on Schedule C.*

4. If *applicant* is a sole proprietor, state full residence address and Social Security Number.

**Social Security Number:**

**Number and Street 1:**     **Number and Street 2:**

**City:**     **State:**     **Country:**     **Zip/Postal Code:**

## BD - SUCCESSION

YES NO

5. Is *applicant* at the time of this filing *succeeding* to the business of a currently registered broker-dealer?     ○  ⦿

*Do not report previous successions already reported on Form BD.*

If "Yes," contact CRD prior to submitting form; complete appropriate items on Schedule D, Page 1, Section III.

## BD - ARRANGEMENTS

Yes No

6. Does *applicant* hold or maintain any funds or securities or provide clearing services for any other broker or dealer?     ○  ⦿

7. Does *applicant* refer or introduce customers to any other broker or dealer?     ⊙ ○

   If "yes," complete appropriate items on Schedule D, Page 1, Section IV, Arrangement Detail.

8. Does *applicant* have any arrangement with any other *person*, firm, or organization under which:

   A. any books or records of *applicant* are kept or maintained by such other *person*, firm or organization?     ⊙ ○

   B. accounts, funds, or securities of the *applicant* are held or maintained by such other *person*, firm, or organization?     ⊙ ○

   C. accounts, funds, or securities of customers of the *applicant* are held or maintained by such other *person*, firm, or organization?     ⊙ ○

   *For purposes of 8B and 8C, do not include a bank or satisfactory control location as defined in paragraph(c) of Rule 15c3-3 under the Securities Exchange Act of 1934 (17 CFR 240. 15c3-3). If "Yes" to any part of Item 8, complete appropriate items on Schedule D, Page 1, Section IV, Arrangement Detail.*

9. Does any *person* not named in Item 1 or Schedules A, B, or C, directly or indirectly:

   A. *control* the management or policies of the *applicant* through agreement or otherwise?     ○ ⊙

   B. wholly or partially finance the business of *applicant*?     ○ ⊙

   *Do not answer "yes" to 9B if the person finances the business of the applicant through: 1) a public offering of securities made pursuant to the Securities Act of 1933; 2) credit extended in the ordinary course of business by suppliers, banks, and others; or 3) a satisfactory subordination agreement, as defined in Rule 15c3-1 under the Securities Exchange Act of 1934 (17 CFR 240. 15c3-1). If "Yes" to any part of Item 9, complete appropriate items on Schedule D, Page 1, Section IV, Arrangement Detail.*

## BD – BUSINESS AFFILIATES

## BD – Control Affiliates

                                                                                     YES NO

10. A. Directly or indirectly, does *applicant control*, is *applicant controlled* by, or is *applicant* under common *control* with, any partnership, corporation, or other organization that is engaged in the securities or investment advisory business?     ⊙ ○

    If "Yes" to Item 10A, complete appropriate items on Schedule D, Page 2, Section V, Firm Affiliates.

    B. Directly or indirectly, is *applicant controlled* by any bank holding company, national bank, state member bank of the Federal Reserve System, state non-member bank, savings bank or association, credit union, or foreign bank?     ○ ⊙

    If "Yes" to Item 10B, complete appropriate items on Schedule D, Page 3, Section VI, Bank Affiliates.

## BD – DISCLOSURE QUESTIONS

11. Use the appropriate DRP for providing details to "yes" answers to the questions in Item 11. Refer to the Explanation of Terms section of Form BD Instructions for explanations of italicized terms.

### CRIMINAL DISCLOSURE

A. In the past ten years has the *applicant* or a *control affiliate*:     YES NO

   (1) been convicted of or pled guilty or nolo contendere ("no contest") in a domestic, foreign or military court to any *felony*?     ○ ⊙

   (2) been *charged* with any *felony*?     ○ ⊙

B. In the past ten years has the *applicant* or a *control affiliate*:

   (1) been convicted of or pled guilty or nolo contendere ("no contest") in a domestic, foreign or military

court to a *misdemeanor involving*: investments or an *investment-related* business, or any fraud, false statements or omissions, wrongful taking of property, bribery, perjury, forgery, counterfeiting, extortion, or a conspiracy to commit any of these offenses?

(2) been *charged* with a *misdemeanor* specified in 11B(1)?

## REGULATORY ACTION DISCLOSURE

C. Has the U.S. Securities and Exchange Commission or the Commodity Futures Trading Commission ever: **YES NO**

(1) *found* the *applicant* or a *control affiliate* to have made a false statement or omission?

(2) *found* the *applicant* or a *control affiliate* to have been *involved* in a violation of its regulations or statutes?

(3) *found* the *applicant* or a *control affiliate* to have been a cause of an *investment-related* business having its authorization to do business denied, suspended, revoked, or restricted?

(4) entered an *order* against the *applicant* or a *control affiliate* in connection with an *investment-related* activity?

(5) imposed a civil money penalty on the *applicant* or a *control affiliate*, or ordered the *applicant* or a *control affiliate* to cease and desist from any activity?

D. Has any other federal regulatory agency, any state regulatory agency, or *foreign financial regulatory authority*:

(1) ever *found* the *applicant* or a *control affiliate* to have made a false statement or omission or been dishonest, unfair, or unethical?

(2) ever *found* the *applicant* or a *control affiliate* to have been *involved* in a violation of *investment-related* regulations or statutes?

(3) ever *found* the *applicant* or a *control affiliate* to have been a cause of an *investment-related* business having its authorization to do business denied, suspended, revoked, or restricted?

(4) in the past ten years, entered an *order* against the *applicant* or a *control affiliate* in connection with an *investment-related* activity?

(5) ever denied, suspended, or revoked the *applicant*'s or a *control affiliate*'s registration or license or otherwise, by *order*, prevented it from associating with an *investment-related* business or restricted its activities?

E. Has any *self-regulatory organization* or commodities exchange ever:

(1) *found* the *applicant* or a *control affiliate* to have made a false statement or omission?

(2) *found* the *applicant* or a *control affiliate* to have been *involved* in a violation of its rules (other than a violation designated as a *"minor rule violation"* under a plan approved by the U.S. Securities and Exchange Commission)?

(3) *found* the *applicant* or a *control affiliate* to have been the cause of an *investment-related* business having its authorization to do business denied, suspended, revoked, or restricted?

(4) disciplined the *applicant* or a *control affiliate* by expelling or suspending it from membership, barring or suspending its association with other members, or otherwise restricting its activities?

F. Has the *applicant's* or a *control affiliate's* authorization to act as an attorney, accountant, or federal contractor ever been revoked or suspended?

G. Is the *applicant* or a *control affiliate* now the subject of any regulatory *proceeding* that could result in a "yes" answer to any part of 11C, D, or E?

## CIVIL JUDICIAL ACTION DISCLOSURE

H. (1) Has any domestic or foreign court:                                                         **YES NO**

(a) in the past ten years, *enjoined* the *applicant* or a *control affiliate* in connection with any *investment-related* activity?

(b) ever *found* that the *applicant* or a *control affiliate* was *involved* in a violation of *investment-related* statutes or regulations?

(c) ever dismissed, pursuant to a settlement agreement, an *investment-related* civil action brought against the *applicant* or *control affiliate* by a state or *foreign financial regulatory authority*?

(2) Is the *applicant* or a *control affiliate* now the subject of any civil *proceeding* that could result in a "yes" answer to any part of 11H(1)?

## FINANCIAL DISCLOSURE

|  |  | YES | NO |
|---|---|:---:|:---:|
| I. | In the past ten years has the *applicant* or a *control affiliate* of the *applicant* ever been a securities firm or a *control affiliate* of a securities firm that: |  |  |
|  | (1)  has been the subject of a bankruptcy petition? | ○ | ◉ |
|  | (2)  has had a trustee appointed or a direct payment procedure initiated under the Securities Investor Protection Act? | ○ | ◉ |
| J. | Has a bonding company ever denied, paid out on, or revoked a bond for the *applicant*? | ○ | ◉ |
| K. | Does the *applicant* have any unsatisfied judgments or liens against it? | ○ | ◉ |

## BD – TYPES OF BUSINESS

12. Check types of business engaged in (or to be engaged in, if not yet active) by *applicant*. Do not check any category that accounts for (or is expected to account for) less than 1% of annual revenue from the securities or investment advisory business.

| | | | |
|---|---|---|---|
| A. | Exchange member engaged in exchange commission business other than floor activities. | ☐ | **EMC** |
| B. | Exchange member engaged in floor activities. | ☐ | **EMF** |
| C. | Broker or dealer making inter-dealer markets in corporate securities over-the-counter. | ☐ | **IDM** |
| D. | Broker or dealer retailing corporate equity securities over-the-counter. | ☑ | **BDR** |
| E. | Broker or dealer selling corporate debt securities. | ☑ | **BDD** |
| F. | Underwriter or selling group participant (corporate securities other than mutual funds). | ☑ | **USG** |
| G. | Mutual fund underwriter or sponsor. | ☐ | **MFU** |
| H. | Mutual fund retailer. | ☑ | **MFR** |
| I. | 1.  U.S. government securities dealer. | ☐ | **GSD** |
|  | 2.  U.S. government securities broker. | ☑ | **GSB** |
| J. | Municipal securities dealer. | ☐ | **MSD** |
| K. | Municipal securities broker. | ☑ | **MSB** |
| L. | Broker or dealer selling variable life insurance or annuities. | ☑ | **VLA** |
| M. | Solicitor of time deposits in a financial institution. | ☐ | **SSL** |
| N. | Real estate syndicator. | ☐ | **RES** |
| O. | Broker or dealer selling oil and gas interests. | ☐ | **OGI** |
| P. | Put and call broker or dealer or option writer. | ☑ | **PCB** |
| Q. | Broker or dealer selling securities of only one issuer or associate issuers (other than mutual funds). | ☐ | **BIA** |
| R. | Broker or dealer selling securities of non-profit organizations (e.g., churches, hospitals). | ☐ | **NPB** |
| S. | Investment advisory services. | ☐ | **IAD** |
| T. | 1.  Broker or dealer selling tax shelters or limited partnerships in primary distributions. | ☐ | **TAP** |
|  | 2.  Broker or dealer selling tax shelters or limited partnerships in the secondary market. | ☐ | **TAS** |
| U. | Non-exchange member arranging for transactions in listed securities by exchange member. | ☑ | **NEX** |
| V. | Trading securities for own account. | ☑ | **TRA** |
| W. | Private placement of securities. | ☑ | **PLA** |
| X. | Broker or dealer selling interests in mortgages or other receivables. | ☐ | **MRI** |
| Y. | Broker or dealer involved in a networking, kiosk or similar arrangement with a: |  |  |
|  | 1.  bank, savings bank or association, or credit union. | ☐ | **BNA** |
|  | 2.  insurance company or agency | ☐ | **INA** |
| Z. | Other *(give details on Schedule D, Page 1, Section II, Other Business)* | ☐ | **OTH** |

|  |  | YES | NO |
|---|---|:---:|:---:|
| 13. A. | Does *applicant* effect transactions in commodity futures, commodities or commodity options as a broker for others or as a dealer for its own account? | ○ | ◉ |

B. Does *applicant* engage in any other non-securities business?

*If "yes", describe each other business briefly on Schedule D, Page 1, Section II, Other Business.*

## BD – DIRECT OWNERS

**Are there any indirect owners of the *applicant* required to be reported on Schedule B?**

○ Yes   ● No

| Ownership Codes: | NA – less than 5% | B – 10% but less than 25% | D – 50% but less than 75% |
|---|---|---|---|
| | A – 5% but less than 10% | C – 25% but less than 50% | E – 75% or more |

| Full Legal Name | DE/FE/I | Title or Status | Date Acquired | Own. Code | Control Person | PR | CRD #(or S.S.No., IRS Tax #, Emp. ID) |
|---|---|---|---|---|---|---|---|
| ARJENT SERVICES LIMITED (UK) | FE | OWNER | 11/2006 | E | N | N | FOREIGN |
| DAVANZO, GEORGE | I | FINOP/CFO | 11/2006 | NA | Y | N | 1866674 |
| DEPALO, ROBERT PHILIP | I | CHAIRMAN/CEO/SECY/CORP. DIRECTOR | 11/2006 | NA | Y | N | 2946313 |
| DIFIORE, MONICA LISA | I | CCO | 02/2007 | NA | N | N | 2966552 |
| FALLAH, ROBERT BOBAK | I | CO-CHAIRMAN/PRESIDENT/DIRECTOR CORPORATE FINANCE | 11/2006 | NA | Y | N | 1069032 |
| HEINEMAN, RONALD MARK | I | MANAGING DIRECTOR/CROP/SROP/MUNI PRINCIPAL | 02/2007 | NA | N | N | 241924 |
| SCHONWALD, GARY ALAN | I | TREASURER/CORPORATE DIRECTOR | 10/2005 | NA | N | N | 4478897 |

## BD – INDIRECT OWNERS

## No Information Filed

## BD Schedule C - Amendments to Schedules A & B

In the Type of Amd. column, indicate "A" (addition), "D" (deletion), or "C" (change of information about the same *person*).

| Ownership Codes are: | NA – less than 5% | B – 10% but less than 25% | D – 50% but less than 75% | F – Other General Partners |
|---|---|---|---|---|
| | A – 5% but less than 10% | C – 25% but less than 50% | E – 75% or more | |

List below all changes to Schedule A: (DIRECT OWNERS AND EXECUTIVE OFFICERS)

| Full Legal Name | DE/FE/I | Type of Amd. | Title or Status | Date Acquired | Own. Code | Control Person | PR | CRD # (or SSN, IRS Tax #, Emp. ID) |
|---|---|---|---|---|---|---|---|---|

## No Information Filed

List below all changes to Schedule B: (INDIRECT OWNERS)

| Full Legal Name | DE/FE/I | Type of Amd. | Entity in Which Interest is Owned | Status | Date Acquired | Own. Code | Control Person | PR | CRD # (or SSN, IRS Tax #, Emp. ID) |
|---|---|---|---|---|---|---|---|---|---|

## No Information Filed

## BD – OTHER BUSINESS NAMES

## No Information Filed

## BD – OTHER BUSINESS

Briefly describe any other business (Item 12Z).

**Briefly describe any other non-securities business (Item 13B).**

---

### BD - SUCCESSIONS

**Date of Succession:** MM/DD/YYYY     **Name of Predecessor:**

**Firm CRD Number**     **IRS Employer Identification Number** (if any)     **SEC File Number** (if any)
8-

**Briefly describe details of the *succession* including any assets or liabilities not assumed by the *successor*.**

---

### BD - ARRANGEMENTS / CONTROL PERSONS / FINANCING

| **(check one)** | ○ Item 7 | ◉ Item 8A | ○ Item 8B | ○ Item 8C | ○ Item 9A | ○ Item 9B |

*Applicant* must complete a separate Schedule D Page 1, Arrangement Detail for each affirmative response in this section including any multiple responses to any item. Complete the "Effective Date" box with Month, Day and Year that the arrangement or agreement became effective. When reporting a change or termination of an arrangement or agreement, enter the effective date of the change.

**Organization/Individual Name:**     **CRD Number:**     ◉ **Entity**
FIRST SOUTHWEST COMPANY     316
                                                         ○ **Individual**

**Business Address**
**Street 1:**                              **Street 2:**
1700 PACIFIC AVE                          SUITE 500
**City:**           **State:**           **Country:**        **Zip/Postal Code:**
DALLAS             Texas                USA                75201
**Effective Date** MM/DD/YYYY            **Termination Date** MM/DD/YYYY
11/01/2001

**Briefly describe the nature of reference or arrangement (ITEM 7 or ITEM 8); the nature of the *control* or agreement (ITEM 9A); or the method and amount of financing (ITEM 9B)**

CLEARING AGREEMENT

---

| **(check one)** | ◉ Item 7 | ○ Item 8A | ○ Item 8B | ○ Item 8C | ○ Item 9A | ○ Item 9B |

*Applicant* must complete a separate Schedule D Page 1, Arrangement Detail for each affirmative response in this section including any multiple responses to any item. Complete the "Effective Date" box with Month, Day and Year that the arrangement or agreement became effective. When reporting a change or termination of an arrangement or agreement, enter the effective date of the change.

**Organization/Individual Name:**     **CRD Number:**     ◉ **Entity**
FIRST SOUTHWEST COMPANY
                                                         ○ **Individual**

**Business Address**
**Street 1:**                              **Street 2:**
325 NORTH ST PAUL                         SUITE 88
**City:**           **State:**           **Country:**        **Zip/Postal Code:**
DALLAS             Texas                USA                75201
**Effective Date** MM/DD/YYYY            **Termination Date** MM/DD/YYYY
11/01/2001

**Briefly describe the nature of reference or arrangement (ITEM 7 or ITEM 8); the nature of the *control* or agreement (ITEM 9A); or the method and amount of financing (ITEM 9B)**

THE APPLICANT INTRODUCES ALL CUSTOMER ACCOUNTS TO FIRST SOUTHWEST COMPANY ON A FULLY DISCLOSED BASIS.

---

| **(check one)** | ○ Item 7 | ○ Item 8A | ◉ Item 8B | ○ Item 8C | ○ Item 9A | ○ Item 9B |

*Applicant* must complete a separate Schedule D Page 1, Arrangement Detail for each affirmative response in this

section including any multiple responses to any item. Complete the "Effective Date" box with Month, Day and Year that the arrangement or agreement became effective. When reporting a change or termination of an arrangement or agreement, enter the effective date of the change.

| | | |
|---|---|---|
| **Organization/Individual Name:** | **CRD Number:** | ◉ **Entity** |
| FIRST SOUTHWEST COMPANY | | ○ **Individual** |

**Business Address**

| | |
|---|---|
| **Street 1:** | **Street 2:** |
| 325 NORTH ST. PAUL | SUITE 800 |

| **City:** | **State:** | **Country:** | **Zip/Postal Code:** |
|---|---|---|---|
| DALLAS | Texas | USA | 75201 |

**Effective Date** MM/DD/YYYY          **Termination Date** MM/DD/YYYY
11/01/2001

**Briefly describe the nature of reference or arrangement (ITEM 7 or ITEM 8); the nature of the *control* or agreement (ITEM 9A); or the method and amount of financing (ITEM 9B)**

ACCORDING TO STANDARD INDUSTRY PRACTICE IN FULLY DISCLOSED ARRANGEMENTS, FIRST SOUTHWEST COMPANY HOLDS AND MAINTAINS PROPRIETARY SECURITIES AND FUNDS FOR THE APPLICANT.

| **(check one)** | ○ Item 7 | ○ Item 8A | ○ Item 8B | ◉ Item 8C | ○ Item 9A | ○ Item 9B |
|---|---|---|---|---|---|---|

*Applicant* must complete a separate Schedule D Page 1, Arrangement Detail for each affirmative response in this section including any multiple responses to any item. Complete the "Effective Date" box with Month, Day and Year that the arrangement or agreement became effective. When reporting a change or termination of an arrangement or agreement, enter the effective date of the change.

| | | |
|---|---|---|
| **Organization/Individual Name:** | **CRD Number:** | ◉ **Entity** |
| FIRST SOUTHWEST COMPANY | | ○ **Individual** |

**Business Address**

| | |
|---|---|
| **Street 1:** | **Street 2:** |
| 325 NORTH ST. PAUL | SUITE 800 |

| **City:** | **State:** | **Country:** | **Zip/Postal Code:** |
|---|---|---|---|
| DALLAS | Texas | USA | 75201 |

**Effective Date** MM/DD/YYYY          **Termination Date** MM/DD/YYYY
11/01/2001

**Briefly describe the nature of reference or arrangement (ITEM 7 or ITEM 8); the nature of the *control* or agreement (ITEM 9A); or the method and amount of financing (ITEM 9B)**

ACCORDING TO STANDARD INDUSTRY PRACTICE IN FULLY DISCLOSED CLEARING ARRANGEMENTS, FIRST SOUTHWEST COMPANY HOLDS AND MAINTAINS CUSTOMER SECURITIES AND FUNDS FOR COMPLIANCE WITH SEC FINANCIAL RESPONSIBILITY RULES.

| **(check one)** | ◉ Item 7 | ○ Item 8A | ○ Item 8B | ○ Item 8C | ○ Item 9A | ○ Item 9B |
|---|---|---|---|---|---|---|

*Applicant* must complete a separate Schedule D Page 1, Arrangement Detail for each affirmative response in this section including any multiple responses to any item. Complete the "Effective Date" box with Month, Day and Year that the arrangement or agreement became effective. When reporting a change or termination of an arrangement or agreement, enter the effective date of the change.

| | | |
|---|---|---|
| **Organization/Individual Name:** | **CRD Number:** | ◉ **Entity** |
| RBC DAIN RAUSCHER INC. | 31194 | ○ **Individual** |

**Business Address**

| | |
|---|---|
| **Street 1:** | **Street 2:** |
| 60 SOUTH SIXTH STREET | |

| **City:** | **State:** | **Country:** | **Zip/Postal Code:** |
|---|---|---|---|
| MINNEAPOLIS | Minnesota | USA | 55402 |

**Effective Date** MM/DD/YYYY          **Termination Date** MM/DD/YYYY
08/08/2007

**Briefly describe the nature of reference or arrangement (ITEM 7 or ITEM 8); the nature of the *control* or**

agreement (ITEM 9A); or the method and amount of financing (ITEM 9B)
THE APPLICANT INTRODUCES ALL CUSTOMER ACCOUNTS TO RBC DAIN RAUSCHER ON A FULLY DISCLOSED BASIS.

---

**(check one)**    ○ **Item 7**    ● **Item 8A**    ○ **Item 8B**    ○ **Item 8C**    ○ **Item 9A**    ○ **Item 9B**

*Applicant* must complete a separate Schedule D Page 1, Arrangement Detail for each affirmative response in this section including any multiple responses to any item. Complete the "Effective Date" box with Month, Day and Year that the arrangement or agreement became effective. When reporting a change or termination of an arrangement or agreement, enter the effective date of the change.

**Organization/Individual Name:**          **CRD Number:**      ● **Entity**
RBC DAIN RAUSCHER INC.                    31194            ○ **Individual**

**Business Address**

**Street 1:**                              **Street 2:**
60 SOUTH SIXTH STREET

| **City:** | **State:** | **Country:** | **Zip/Postal Code:** |
|---|---|---|---|
| MINNEAPOLIS | Michigan | USA | 55402 |

**Effective Date** MM/DD/YYYY          **Termination Date** MM/DD/YYYY
08/08/2007

**Briefly describe the nature of reference or arrangement (ITEM 7 or ITEM 8); the nature of the *control* or agreement (ITEM 9A); or the method and amount of financing (ITEM 9B)**
CLEARING AGREEMENT

---

**(check one)**    ○ **Item 7**    ○ **Item 8A**    ● **Item 8B**    ○ **Item 8C**    ○ **Item 9A**    ○ **Item 9B**

*Applicant* must complete a separate Schedule D Page 1, Arrangement Detail for each affirmative response in this section including any multiple responses to any item. Complete the "Effective Date" box with Month, Day and Year that the arrangement or agreement became effective. When reporting a change or termination of an arrangement or agreement, enter the effective date of the change.

**Organization/Individual Name:**          **CRD Number:**      ● **Entity**
RBC DAIN RAUSCHER INC.                    31194            ○ **Individual**

**Business Address**

**Street 1:**                              **Street 2:**
60 SOUTH SIXTH STREET

| **City:** | **State:** | **Country:** | **Zip/Postal Code:** |
|---|---|---|---|
| MINNEAPOLIS | Michigan | USA | 55402 |

**Effective Date** MM/DD/YYYY          **Termination Date** MM/DD/YYYY
08/08/2007

**Briefly describe the nature of reference or arrangement (ITEM 7 or ITEM 8); the nature of the *control* or agreement (ITEM 9A); or the method and amount of financing (ITEM 9B)**
ACCORDING TO STANDARD INDUSTRY PRACTICE IN FULLY DISCLOSED ARRANGEMENTS, RBC DAIN RAUSCHER HOLDS AND MAINTAINS PROPRIETARY SECURITIES AND FUNDS FOR THE APPLICANT.

---

**(check one)**    ○ **Item 7**    ○ **Item 8A**    ○ **Item 8B**    ● **Item 8C**    ○ **Item 9A**    ○ **Item 9B**

*Applicant* must complete a separate Schedule D Page 1, Arrangement Detail for each affirmative response in this section including any multiple responses to any item. Complete the "Effective Date" box with Month, Day and Year that the arrangement or agreement became effective. When reporting a change or termination of an arrangement or agreement, enter the effective date of the change.

**Organization/Individual Name:**          **CRD Number:**      ● **Entity**
RBC DAIN RAUSCHER INC.                    31194            ○ **Individual**

**Business Address**

**Street 1:**                              **Street 2:**
60 SOUTH SIXTH STREET

| City:<br>MINNEAPOLIS | State:<br>Michigan | Country:<br>USA | Zip/Postal Code:<br>55402 |
|---|---|---|---|

**Effective Date MM/DD/YYYY**
08/08/2007

**Termination Date MM/DD/YYYY**

**Briefly describe the nature of reference or arrangement (ITEM 7 or ITEM 8); the nature of the *control* or agreement (ITEM 9A); or the method and amount of financing (ITEM 9B)**

ACCORDING TO STANDARD INDUSTRY PRACTICE IN FULLY DISCLOSED CLEARING AGREEMENTS, RBC DAIN RAUSCHER HOLDS AND MAINTAINS CUSTOMER SECURITIES AND FUNDS FOR COMPLIANCE WITH SEC FINANCIAL RESPONSIBILITY RULES.

**(check one)**      ○ **Item 7**      ○ **Item 8A**      ○ **Item 8B**      ○ **Item 8C**      ○ **Item 9A**      ○ **Item 9B**

*Applicant* must complete a separate Schedule D Page 1, Arrangement Detail for each affirmative response in this section including any multiple responses to any item. Complete the "Effective Date" box with Month, Day and Year that the arrangement or agreement became effective. When reporting a change or termination of an arrangement or agreement, enter the effective date of the change.

**Organization/Individual Name:**
GOLDMAN SACHS EXECUTION & CLEARING

**CRD Number:**      ● **Entity**
                     ○ **Individual**

**Business Address**

| Street 1:<br>C/O GOLDMAN SACHS | Street 2:<br>1 NEW YORK PLAZA 38 FLOOR |
|---|---|

| City:<br>NEW YORK | State:<br>New York | Country:<br>USA | Zip/Postal Code:<br>10004 |
|---|---|---|---|

**Effective Date MM/DD/YYYY**
08/08/2007

**Termination Date MM/DD/YYYY**

**Briefly describe the nature of reference or arrangement (ITEM 7 or ITEM 8); the nature of the *control* or agreement (ITEM 9A); or the method and amount of financing (ITEM 9B)**

THE APPLICANT INTRODUCES ALL CUSTOMER ACCOUNTS TO GOLDMAN SACHS ON A FULLY DISCLOSED BASIS.

**(check one)**      ○ **Item 7**      ● **Item 8A**      ○ **Item 8B**      ○ **Item 8C**      ○ **Item 9A**      ○ **Item 9B**

*Applicant* must complete a separate Schedule D Page 1, Arrangement Detail for each affirmative response in this section including any multiple responses to any item. Complete the "Effective Date" box with Month, Day and Year that the arrangement or agreement became effective. When reporting a change or termination of an arrangement or agreement, enter the effective date of the change.

**Organization/Individual Name:**
GOLDMAN SACHS EXECUTION & CLEARING

**CRD Number:**      ● **Entity**
                     ○ **Individual**

**Business Address**

| Street 1:<br>C/O GOLDMAN SACHS | Street 2:<br>1 NEW YORK PLAZE, 38TH FLOOR |
|---|---|

| City:<br>NEW YORK | State:<br>New York | Country:<br>USA | Zip/Postal Code:<br>10004 |
|---|---|---|---|

**Effective Date MM/DD/YYYY**
08/08/2007

**Termination Date MM/DD/YYYY**

**Briefly describe the nature of reference or arrangement (ITEM 7 or ITEM 8); the nature of the *control* or agreement (ITEM 9A); or the method and amount of financing (ITEM 9B)**

CLEARING AGREEMENT

**(check one)**      ○ **Item 7**      ○ **Item 8A**      ● **Item 8B**      ○ **Item 8C**      ○ **Item 9A**      ○ **Item 9B**

*Applicant* must complete a separate Schedule D Page 1, Arrangement Detail for each affirmative response in this section including any multiple responses to any item. Complete the "Effective Date" box with Month, Day and Year that the arrangement or agreement became effective. When reporting a change or termination of an arrangement or agreement, enter the effective date of the change.

**Organization/Individual Name:**      **CRD Number:**      ● **Entity**

GOLDMAN SACHS EXECUTION & CLEARING

○ **Individual**

**Business Address**

| **Street 1:** | **Street 2:** |
|---|---|
| C/0 GOLDMAN SACHS | 1 NEW YORK PLAZA, 38TH FLOOR |

| **City:** | **State:** | **Country:** | **Zip/Postal Code:** |
|---|---|---|---|
| NEW YORK | New York | USA | 10004 |

| **Effective Date MM/DD/YYYY** | **Termination Date MM/DD/YYYY** |
|---|---|
| 08/08/2007 | |

**Briefly describe the nature of reference or arrangement (ITEM 7 or ITEM 8); the nature of the *control* or agreement (ITEM 9A); or the method and amount of financing (ITEM 9B)**

ACCORDING TO STANDARD INDUSTRY PRACTICE IN FULLY DISCLOSED ARRANGEMENTS, GOLDMAN SACHS HOLDS AND MAINTAINS PROPRIETARY SECURITIES AND FUNDS FOR THE APPLICANT.

---

**(check one)**  ○ **Item 7**  ○ **Item 8A**  ○ **Item 8B**  ◉ **Item 8C**  ○ **Item 9A**  ○ **Item 9B**

---

*Applicant* must complete a separate Schedule D Page 1, Arrangement Detail for each affirmative response in this section including any multiple responses to any item. Complete the "Effective Date" box with Month, Day and Year that the arrangement or agreement became effective. When reporting a change or termination of an arrangement or agreement, enter the effective date of the change.

---

| **Organization/Individual Name:** | **CRD Number:** | ◉ **Entity** |
|---|---|---|
| GOLDMAN SACHS EXECUTION AND CLEARING | | ○ **Individual** |

**Business Address**

| **Street 1:** | **Street 2:** |
|---|---|
| C/0 GOLDMAN SACHS | 1 NEW YORK PLAZA, 38TH FLOOR |

| **City:** | **State:** | **Country:** | **Zip/Postal Code:** |
|---|---|---|---|
| NEW YORK | New York | USA | 10004 |

| **Effective Date MM/DD/YYYY** | **Termination Date MM/DD/YYYY** |
|---|---|
| 08/08/2007 | |

**Briefly describe the nature of reference or arrangement (ITEM 7 or ITEM 8); the nature of the *control* or agreement (ITEM 9A); or the method and amount of financing (ITEM 9B)**

ACCORDING TO STANDARD INDUSTRY PRACTICE IN FULLY DISCLOSED CLEARING AGREEMENTS, GOLDMAN SACHS HOLDS AND MAINTAINS CUSTOMER SECURITIES AND FUNDS FOR COMPLIANCE WITH SEC FINANCIAL RESPONSIBILITY RULES.

---

**BD - AFFILIATES**

**Business**

The details supplied relate to:

| **Partnership, Corporation, or Organization Name** | **CRD Number (if any)** |
|---|---|
| ARJENT SERVICES LLC | 131431 |

**The Partnership, Corporation, or Organization**

○ *controls applicant*

○ is *controlled* by *applicant*

◉ is under common *control* with *applicant*

**Business Address**

| **Street 1** | **Street 2** |
|---|---|
| 570 LEXINGTON AVENUE | |

| **City** | **State** | **Country** | **Zip/Postal Code** |
|---|---|---|---|
| NEW YORK | New York | USA | 10022 |

| **Effective Date (MM/DD/YYYY)** | **Termination Date (MM/DD/YYYY)** |
|---|---|
| 11/22/2006 | |

**Is Partnership, Corporation or Organization a foreign entity?**   **If Yes, provide country of domicile or incorporation**

○ Yes  ◉ No

**Activities of this Partnership, Corporation, or Organization:**

**Securities Activities**                          ◉ Yes  ○ No

**Investment Advisory Activities**                 ○ Yes  ◉ No

**Briefly describe the *control* relationship**

ARJENT LTD(CRD 35909)& ARJENT SERVICES LLC(CRD 131431),BOTH NASD MEMBERS, ARE OWNED 100% BY ARJENT SERVICES LIMITED.

---

| BD - BRANCHES |
|:---:|

## No Information Filed

| BD - CRIMINAL DRP |
|:---:|
| No Information Filed |
| BD - REGULATORY ACTION DRP |

This Disclosure Reporting Page (DRP BD) is an ○ **INITIAL OR** ◉ **AMENDED** response used to report details for affirmative responses to *Items 11C, 11D, 11E, 11F or 11G* of Form BD;

**Check item(s) being responded to:**

### Regulatory Action

| | | | |
|---|---|---|---|
| ☐ **11C(1)** | ☐ **11C(5)** | ☐ **11D(4)** | ☐ **11E(3)** |
| ☐ **11C(2)** | ☐ **11D(1)** | ☐ **11D(5)** | ☐ **11E(4)** |
| ☐ **11C(3)** | ☐ **11D(2)** | ☐ **11E(1)** | ☐ **11F** |
| ☐ **11C(4)** | ☐ **11D(3)** | ☑ **11E(2)** | ☐ **11G** |

Use a separate DRP for each event or *proceeding*. An event or *proceeding* may be reported for more than one *person* or entity using one DRP. File with a completed Execution Page.

One event may result in more than one affirmative answer to Items 11C, 11D, 11E, 11F or 11G. Use only one DRP to report details related to the same event. If an event gives rise to actions by more than one regulator, provide details to each action on a separate DRP.

It is not a requirement that documents be provided for each event or *proceeding*. Should they be provided, they will not be accepted as disclosure in lieu of answering the questions on this DRP.

If a *control affiliate* is an individual or organization registered through the CRD, such *control affiliate* need only complete Part I of the *applicant's* appropriate DRP (BD). Details of the event must be submitted on the *control affiliate's* appropriate DRP (BD) or DRP (U4). If a *control affiliate* is an individual or organization not registered through the CRD, provide complete answers to all the items on the *applicant's* appropriate DRP (BD). The completion of this DRP does not relieve the *control affiliate* of its obligation to update its CRD records.

| PART I |
|---|

A. The *person(s)* or entity(ies) for whom this DRP is being filed is (are):

○  The **Applicant**

○  **Applicant** and one or more **control affiliates**

◉  **One or more control affiliates**

---

If this DRP is being filed for a *control affiliate*, give the full name of the *control affiliate* below (for individuals, Last name, First name, Middle name).
If the *control affiliate* is registered with the CRD, provide the CRD number. If not, indicate "non-registered" by checking the appropriate checkbox.

**BD DRP -** *Control Affiliate*

| Control Affiliate Name | CRD# | Registered |
|---|---|---|
| HEINEMAN, RONALD MARK | 241924 | Y |

☐ **This DRP should be removed from the BD record because the *control affiliate(s)* are no longer associated with the BD.**

B.  If the *control affiliate* is registered through the CRD, has the *control affiliate* submitted a DRP (with Form U4) or BD DRP to the CRD System for the event? If the answer is "Yes," no other information on this DRP must be provided.

◉ **Yes** ○ **No**

**NOTE:** The completion of this form does <u>not</u> relieve the *control affiliate* of its obligation to update its CRD records.

**PART II**

1.  Regulatory Action initiated by:

    ○ **SEC** ○ **Other Federal** ○ **State** ◉ *SRO* ○ **Foreign**
    (Full name of regulator, *foreign financial regulatory authority*, federal, state, or *SRO*)
    NATIONAL ASSOCIATION OF SECURITIES DEALERS

2.  Principal Sanction:
    Censure
    Other Sanctions:

3.  Date Initiated (MM/DD/YYYY):

    01/26/1989 ◉ **Exact** ○ **Explanation**
    If not exact, provide explanation:

4.  Docket/Case Number:
    NY-6092-AWC

5.  *Control Affiliate* Employing Firm when activity occurred which led to the regulatory action (if applicable):
    APPLE FINANCIAL CORP

6.  Principal Product Type:
    No Product
    Other Product Types:

7.  Describe the allegations related to this regulatory action. (The information must fit within the space provided.)
    FAILURE TO COMPLY WITH NASD REQUEST FOR INFORMATION

8.  Current status ? ○ **Pending** ○ **On Appeal** ◉ **Final**

9.  If on appeal, regulatory action appealed to: (SEC, *SRO*, Federal or State Court) and Date Appeal Filed:

**If Final or On Appeal, complete all items below. For Pending Actions, complete Item 13 only.**

10. How was matter resolved:
    Acceptance, Waiver & Consent(AWC)

11. Resolution Date (MM/DD/YYYY):

    01/26/1989 ◉ **Exact** ○ **Explanation**
    If not exact, provide explanation:

12. **Resolution Detail:**

A. Were any of the following Sanctions Ordered? (Check all appropriate items):

☑ **Monetary/Fine**     **Amount: $** 3,000.00

☐ **Revocation/Expulsion/Denial**    ☐ **Disgorgement/Restitution**

☐ **Censure**          ☐ **Cease and Desist/Injunction**

☐ **Bar**            ☐ **Suspension**

B. Other Sanctions Ordered:

C. Sanction detail: if suspended, *enjoined* or barred, provide duration including start date and capacities affected (General Securities Principal, Financial Operations Principal, etc.). If requalification by exam/retraining was a condition of the sanction, provide length of time given to requalify/retrain, type of exam required and whether condition has been satisfied. If disposition resulted in a fine, penalty, restitution, disgorgement or monetary compensation, provide total amount, portion levied against *applicant* or *control affiliate*, date paid and if any portion of penalty was waived:
$3000.00 FINE PAID.

---

13. Provide a brief summary of details related to the action status and (or) disposition and include relevant terms, conditions and dates. (The information must fit within the space provided.)
RONALD HEINEMAN ACCEPTED & CONSENTED TO FINDINGS BY THE ASSOCIATION THAT HIS ACTIONS WERE IN VIOLATION OF ARTICLE III, SECTION 1 OF THE RULES OF FAIR PRACTICE. ALSO MR. HEINEMAN CONSENTED TO A SANCTION OF CENSURE AND A $3000.00 FINE JOINTLY AND SEVERALLY.

---

This Disclosure Reporting Page (DRP BD) is an ○ **INITIAL OR** ◉ **AMENDED** response used to report details for affirmative responses to *Items 11C, 11D, 11E, 11F or 11G* of Form BD;

**Check item(s) being responded to:**

### Regulatory Action

| | | | |
|---|---|---|---|
| ☐ **11C(1)** | ☐ **11C(5)** | ☐ **11D(4)** | ☐ **11E(3)** |
| ☐ **11C(2)** | ☐ **11D(1)** | ☐ **11D(5)** | ☑ **11E(4)** |
| ☐ **11C(3)** | ☐ **11D(2)** | ☐ **11E(1)** | ☐ **11F** |
| ☐ **11C(4)** | ☐ **11D(3)** | ☑ **11E(2)** | ☐ **11G** |

Use a separate DRP for each event or *proceeding*. An event or *proceeding* may be reported for more than one *person* or entity using one DRP. File with a completed Execution Page.

One event may result in more than one affirmative answer to Items 11C, 11D, 11E, 11F or 11G. Use only one DRP to report details related to the same event. If an event gives rise to actions by more than one regulator, provide details to each action on a separate DRP.

It is not a requirement that documents be provided for each event or *proceeding*. Should they be provided, they will not be accepted as disclosure in lieu of answering the questions on this DRP.

If a *control affiliate* is an individual or organization registered through the CRD, such *control affiliate* need only complete Part I of the *applicant's* appropriate DRP (BD). Details of the event must be submitted on the *control affiliate's* appropriate DRP (BD) or DRP (U4). If a *control affiliate* is an individual or organization <u>not</u> registered through the CRD, provide complete answers to all the items on the *applicant's* appropriate DRP (BD). The completion of this DRP does not relieve the *control affiliate* of its obligation to update its CRD records.

---

**PART I**

---

A. The *person(s)* or entity(ies) for whom this DRP is being filed is (are):

○ The *Applicant*

◉ *Applicant* and one or more *control affiliates*

○ One or more *control affiliates*

If this DRP is being filed for a *control affiliate*, give the full name of the *control affiliate* below (for individuals,

Last name, First name, Middle name).
If the *control affiliate* is registered with the CRD, provide the CRD number. If not, indicate "non-registered" by checking the appropriate checkbox.

| BD DRP - *Control Affiliate* | | |
|---|---|---|
| Control Affiliate Name | CRD# | Registered |
| HEINEMAN, RONALD MARK | 241924 | Y |

☐ **This DRP should be removed from the BD record because the *control affiliate(s)* are no longer associated with the BD.**

B.  If the *control affiliate* is registered through the CRD, has the *control affiliate* submitted a DRP (with Form U4) or BD DRP to the CRD System for the event? If the answer is "Yes," no other information on this DRP must be provided.

  ⦿ **Yes** ○ **No**

**NOTE:** The completion of this form does <u>not</u> relieve the *control affiliate* of its obligation to update its CRD records.

| PART II |
|---|

1.  Regulatory Action initiated by:
    ○ **SEC**   ○ **Other Federal**   ○ **State**   ⦿ **SRO**   ○ **Foreign**
    (Full name of regulator, *foreign financial regulatory authority*, federal, state, or *SRO*)
    NASD REGULATION

2.  Principal Sanction:
    Civil and Administrative Penalt(ies) /Fine(s)
    Other Sanctions:

3.  Date Initiated (MM/DD/YYYY):
    07/23/2001   ⦿ **Exact**   ○ **Explanation**
    If not exact, provide explanation:

4.  Docket/Case Number:
    DP# CAF020032

5.  *Control Affiliate* Employing Firm when activity occurred which led to the regulatory action (if applicable):
    SECURITY CAPITAL TRADING, INC.

6.  Principal Product Type:
    Equity Listed (Common & Preferred Stock)
    Other Product Types:

7.  Describe the allegations related to this regulatory action. (The information must fit within the space provided.)
    ON JULY 23,2001 NASD REGULATION INC. FILED A COMPLAINT SECURITY CAPITAL TRADING,INC. AND OTHERS ALLEGING A VIOLATION OF NASD MARKETPLACE RULE 2110 IN CONNECTION WITH THE TERMINATION IN 1998 OF A PROPOSED INITIAL PUBLIC OFFERING IN GALACTICOMM TECHNOLOGIES, INC. SECURITIES.

8.  Current status ?   ○ **Pending**   ○ **On Appeal**   ⦿ **Final**

9.  If on appeal, regulatory action appealed to: (SEC, *SRO*, Federal or State Court) and Date Appeal Filed:

**If Final or On Appeal, complete all items below. For Pending Actions, complete Item 13 only.**

10. How was matter resolved:
    Decision & Order of Offer of Settlement

**11.** Resolution Date (MM/DD/YYYY):

11/27/2002  ◉ **Exact**   ○ **Explanation**

If not exact, provide explanation:

---

**12. Resolution Detail:**

A. Were any of the following Sanctions Ordered? (Check all appropriate items):

☑ **Monetary/Fine**                        **Amount: $** 75,000.00

☐ **Revocation/Expulsion/Denial**     ☐ **Disgorgement/Restitution**

☐ **Censure**                               ☐ **Cease and Desist/Injunction**

☐ **Bar**                                      ☑ **Suspension**

B. Other Sanctions Ordered:

C. Sanction detail: if suspended, *enjoined* or barred, provide duration including start date and capacities affected (General Securities Principal, Financial Operations Principal, etc.). If requalification by exam/retraining was a condition of the sanction, provide length of time given to requalify/retrain, type of exam required and whether condition has been satisfied. If disposition resulted in a fine, penalty, restitution, disgorgement or monetary compensation, provide total amount, portion levied against *applicant* or *control affiliate*, date paid and if any portion of penalty was waived:
IT IS ORDERED THAT RONALD HEINEMAN BE SUSPENDED FROM ASSOCIATION WITH ANY NASD MEMBER FOR TWO (2) MONTHS IN ALL CAPACITIES.

---

**13.** Provide a brief summary of details related to the action status and (or) disposition and include relevant terms, conditions and dates. (The information must fit within the space provided.)
ON JULY 23, 2001 NASD REGULATION INC. FILED A COMPLAINT AGAINST SECURITY CAPITAL TRADING, INC. AND OTHERS ALLEGING A VIOLATION OF NASD MARKETPLACE RULE 2110 IN CONNECTION WITH THE TERMINATION IN 1998 OF A PROPOSED INITIAL PUBLIC OFFERING IN GALACTICOMM TECHNOLOGIES, INC. SECURITIES. WITHOUT ADMITTING OR DENYING THE ALLEGATIONS, THE APPLICANT CONSENTED TO THE NOTED SANCTIONS AND TO FINDINGS THAT APPLICANT VIOLATED NASD RULE 2110 BY CANCELING, PRIOR TO SETTLEMENT, AN IPO WITH RESPECT TO WHICH APPLICANT WAS ACTING AS CO-LEAD MANAGER.

---

This Disclosure Reporting Page (DRP BD) is an ○ **INITIAL OR** ◉ **AMENDED** response used to report details for affirmative responses to *Items 11C, 11D, 11E, 11F or 11G* of Form BD;

**Check item(s) being responded to:**

### Regulatory Action

☐ **11C(1)**      ☐ **11C(5)**      ☑ **11D(4)**      ☐ **11E(3)**

☐ **11C(2)**      ☐ **11D(1)**      ☑ **11D(5)**      ☐ **11E(4)**

☐ **11C(3)**      ☑ **11D(2)**      ☐ **11E(1)**      ☐ **11F**

☐ **11C(4)**      ☐ **11D(3)**      ☐ **11E(2)**      ☐ **11G**

Use a separate DRP for each event or *proceeding*. An event or *proceeding* may be reported for more than one *person* or entity using one DRP. File with a completed Execution Page.

One event may result in more than one affirmative answer to Items 11C, 11D, 11E, 11F or 11G. Use only one DRP to report details related to the same event. If an event gives rise to actions by more than one regulator, provide details to each action on a separate DRP.

It is not a requirement that documents be provided for each event or *proceeding*. Should they be provided, they will not be accepted as disclosure in lieu of answering the questions on this DRP.

If a *control affiliate* is an individual or organization registered through the CRD, such *control affiliate* need only complete Part I of the *applicant's* appropriate DRP (BD). Details of the event must be submitted on the *control affiliate's* appropriate DRP (BD) or DRP (U4). If a *control affiliate* is an individual or organization not registered through the CRD, provide complete answers to all the items on the *applicant's* appropriate DRP (BD). The completion of this DRP does not relieve the *control affiliate* of its obligation to update its CRD records.

**PART I**

A. The *person(s)* or entity(ies) for whom this DRP is being filed is (are):

○ **The *Applicant***

○ ***Applicant*** and one or more *control affiliates*

◉ **One or more *control affiliates***

---

If this DRP is being filed for a *control affiliate*, give the full name of the *control affiliate* below (for individuals, Last name, First name, Middle name).
If the *control affiliate* is registered with the CRD, provide the CRD number. If not, indicate "non-registered" by checking the appropriate checkbox.

---

**BD DRP - *Control Affiliate***

| Control Affiliate Name | CRD# | Registered |
|---|---|---|
| FALLAH, ROBERT BOBAK | 1069032 | Y |

---

☐ **This DRP should be removed from the BD record because the *control affiliate(s)* are no longer associated with the BD.**

B. If the *control affiliate* is registered through the CRD, has the *control affiliate* submitted a DRP (with Form U4) or BD DRP to the CRD System for the event? If the answer is "Yes," no other information on this DRP must be provided.

○ Yes　◉ **No**

---

**NOTE:** The completion of this form does <u>not</u> relieve the *control affiliate* of its obligation to update its CRD records.

**PART II**

1. Regulatory Action initiated by:
   ○ SEC　○ Other Federal　◉ State　○ *SRO*　○ Foreign
   (Full name of regulator, *foreign financial regulatory authority*, federal, state, or *SRO*)
   STATE OF CONNECTICUT.

2. Principal Sanction:
   Revocation
   Other Sanctions:

3. Date Initiated (MM/DD/YYYY):
   09/28/1995　◉ **Exact**　○ **Explanation**
   If not exact, provide explanation:

4. Docket/Case Number:
   NOT PROVIDED

5. *Control Affiliate* Employing Firm when activity occurred which led to the regulatory action (if applicable):
   ROBERT TODD

6. Principal Product Type:
   No Product
   Other Product Types:

7. Describe the allegations related to this regulatory action. (The information must fit within the space provided.)
   FAILED TO EXCERISE HIS SUPERVISORY OBLIGATIONS IN PREVENTING ALLEGED SALES OF UNREGISTERED SECURITIES, EMPLOYMENT OF UNREGISTERED AGENTS AND UNAUTHORIZED TRADING BY THE FIRM.

8.  Current status ? ○ **Pending**   ○ **On Appeal**   ⦿ **Final**

9.  If on appeal, regulatory action appealed to: (SEC, *SRO*, Federal or State Court) and Date Appeal Filed:

**If Final or On Appeal, complete all items below. For Pending Actions, complete Item 13 only.**

10. How was matter resolved:
    Order

11. Resolution Date (MM/DD/YYYY):

    09/28/1995  ⦿ **Exact**   ○ **Explanation**
    If not exact, provide explanation:

12. **Resolution Detail:**

    A. Were any of the following Sanctions Ordered? (Check all appropriate items):

    ☐ **Monetary/Fine**                      **Amount: $**

    ☑ **Revocation/Expulsion/Denial**        ☐ **Disgorgement/Restitution**

    ☐ **Censure**                            ☐ **Cease and Desist/Injunction**

    ☐ **Bar**                                ☐ **Suspension**

    B. Other Sanctions Ordered:
       REVOCATION OF LICENSE AS AGENT IN CT.

    C. Sanction detail: if suspended, *enjoined* or barred, provide duration including start date and capacities
       affected (General Securities Principal, Financial Operations Principal, etc.). If requalification by
       exam/retraining was a condition of the sanction, provide length of time given to requalify/retrain, type of
       exam required and whether condition has been satisfied. If disposition resulted in a fine, penalty, restitution,
       disgorgement or monetary compensation, provide total amount, portion levied against *applicant* or *control
       affiliate*, date paid and if any portion of penalty was waived:
       REVOCATION OF LICENSE AS AGENT IN CT.

13. Provide a brief summary of details related to the action status and (or) disposition and include relevant terms,
    conditions and dates. (The information must fit within the space provided.)


This Disclosure Reporting Page (DRP BD) is an ○ **INITIAL OR** ⦿ **AMENDED** response used to report details for
affirmative responses to *Items 11C, 11D, 11E, 11F or 11G* of Form BD;

**Check item(s) being responded to:**

**Regulatory Action**

☐ **11C(1)**     ☐ **11C(5)**     ☑ **11D(4)**     ☐ **11E(3)**

☐ **11C(2)**     ☐ **11D(1)**     ☐ **11D(5)**     ☐ **11E(4)**

☐ **11C(3)**     ☑ **11D(2)**     ☐ **11E(1)**     ☐ **11F**

☐ **11C(4)**     ☐ **11D(3)**     ☐ **11E(2)**     ☐ **11G**

Use a separate DRP for each event or *proceeding*. An event or *proceeding* may be reported for more than one
*person* or entity using one DRP. File with a completed Execution Page.

One event may result in more than one affirmative answer to Items 11C, 11D, 11E, 11F or 11G. Use only one DRP
to report details related to the same event. If an event gives rise to actions by more than one regulator, provide
details to each action on a separate DRP.

It is not a requirement that documents be provided for each event or *proceeding*. Should they be provided, they will
not be accepted as disclosure in lieu of answering the questions on this DRP.

If a *control affiliate* is an individual or organization registered through the CRD, such *control affiliate* need only
complete Part I of the *applicant's* appropriate DRP (BD). Details of the event must be submitted on the *control*

*affiliate's* appropriate DRP (BD) or DRP (U4). If a *control affiliate* is an individual or organization not registered through the CRD, provide complete answers to all the items on the *applicant's* appropriate DRP (BD). The completion of this DRP does not relieve the *control affiliate* of its obligation to update its CRD records.

---

**PART I**

A. The *person(s)* or entity(ies) for whom this DRP is being filed is (are):

&#9675; **The *Applicant***

&#9675; ***Applicant*** and one or more ***control affiliates***

&#9673; **One or more *control affiliates***

---

If this DRP is being filed for a *control affiliate*, give the full name of the *control affiliate* below (for individuals, Last name, First name, Middle name).
If the *control affiliate* is registered with the CRD, provide the CRD number. If not, indicate "non-registered" by checking the appropriate checkbox.

---

**BD DRP - *Control Affiliate***

| Control Affiliate Name | CRD# | Registered |
|---|---|---|
| DIAMOND, SUSAN MINDLIN | 336264 | Y |

□ **This DRP should be removed from the BD record because the *control affiliate(s)* are no longer associated with the BD.**

---

B.   If the *control affiliate* is registered through the CRD, has the *control affiliate* submitted a DRP (with Form U4) or BD DRP to the CRD System for the event? If the answer is "Yes," no other information on this DRP must be provided.

&#9673; **Yes** &#9675; **No**

---

**NOTE:** The completion of this form does not relieve the *control affiliate* of its obligation to update its CRD records.

**PART II**

1.   Regulatory Action initiated by:
&#9675; **SEC**  &#9675; **Other Federal**  &#9675; **State**  &#9675; ***SRO***  &#9675; **Foreign**
(Full name of regulator, *foreign financial regulatory authority*, federal, state, or *SRO*)

---

2.   Principal Sanction:

Other Sanctions:

---

3.   Date Initiated (MM/DD/YYYY):
&#9675; **Exact**  &#9675; **Explanation**
If not exact, provide explanation:

---

4.   Docket/Case Number:

---

5.   *Control Affiliate* Employing Firm when activity occurred which led to the regulatory action (if applicable):

---

6.   Principal Product Type:

Other Product Types:

---

7.   Describe the allegations related to this regulatory action. (The information must fit within the space provided.)

8.   Current status ?  ○ **Pending**   ○ **On Appeal**   ○ **Final**

9.   If on appeal, regulatory action appealed to: (SEC, *SRO*, Federal or State Court) and Date Appeal Filed:

**If Final or On Appeal, complete all items below. For Pending Actions, complete Item 13 only.**

10.  How was matter resolved:

11.  Resolution Date (MM/DD/YYYY):
     ○ **Exact**   ○ **Explanation**
     If not exact, provide explanation:

12.  **Resolution Detail:**

     A. Were any of the following Sanctions Ordered? (Check all appropriate items):

     ☐ **Monetary/Fine**                    **Amount: $**

     ☐ **Revocation/Expulsion/Denial**      ☐ **Disgorgement/Restitution**

     ☐ **Censure**                          ☐ **Cease and Desist/Injunction**

     ☐ **Bar**                              ☐ **Suspension**

     B. Other Sanctions Ordered:

     C. Sanction detail: if suspended, *enjoined* or barred, provide duration including start date and capacities
        affected (General Securities Principal, Financial Operations Principal, etc.). If requalification by
        exam/retraining was a condition of the sanction, provide length of time given to requalify/retrain, type of
        exam required and whether condition has been satisfied. If disposition resulted in a fine, penalty, restitution,
        disgorgement or monetary compensation, provide total amount, portion levied against *applicant* or *control
        affiliate*, date paid and if any portion of penalty was waived:

13.  Provide a brief summary of details related to the action status and (or) disposition and include relevant terms,
     conditions and dates. (The information must fit within the space provided.)

This Disclosure Reporting Page (DRP BD) is an ○ **INITIAL OR** ● **AMENDED** response used to report details for
affirmative responses to *Items 11C, 11D, 11E, 11F or 11G* of Form BD;

**Check item(s) being responded to:**

**Regulatory Action**

☐ **11C(1)**        ☐ **11C(5)**        ☐ **11D(4)**        ☐ **11E(3)**

☐ **11C(2)**        ☐ **11D(1)**        ☐ **11D(5)**        ☐ **11E(4)**

☐ **11C(3)**        ☐ **11D(2)**        ☐ **11E(1)**        ☐ **11F**

☐ **11C(4)**        ☐ **11D(3)**        ☑ **11E(2)**        ☐ **11G**

Use a separate DRP for each event or *proceeding*. An event or *proceeding* may be reported for more than one
*person* or entity using one DRP. File with a completed Execution Page.

One event may result in more than one affirmative answer to Items 11C, 11D, 11E, 11F or 11G. Use only one DRP
to report details related to the same event. If an event gives rise to actions by more than one regulator, provide
details to each action on a separate DRP.

It is not a requirement that documents be provided for each event or *proceeding*. Should they be provided, they will
not be accepted as disclosure in lieu of answering the questions on this DRP.

If a *control affiliate* is an individual or organization registered through the CRD, such *control affiliate* need only complete Part I of the *applicant's* appropriate DRP (BD). Details of the event must be submitted on the *control affiliate's* appropriate DRP (BD) or DRP (U4). If a *control affiliate* is an individual or organization not registered through the CRD, provide complete answers to all the items on the *applicant's* appropriate DRP (BD). The completion of this DRP does not relieve the *control affiliate* of its obligation to update its CRD records.

## PART I

A. The *person(s)* or entity(ies) for whom this DRP is being filed is (are):

- ○ **The *Applicant***

- ○ ***Applicant*** and one or more *control affiliates*

- ◉ **One or more *control affiliates***

If this DRP is being filed for a *control affiliate*, give the full name of the *control affiliate* below (for individuals, Last name, First name, Middle name).
If the *control affiliate* is registered with the CRD, provide the CRD number. If not, indicate "non-registered" by checking the appropriate checkbox.

| BD DRP - *Control Affiliate* | | |
|---|---|---|
| **Control Affiliate Name** | **CRD#** | **Registered** |
| DIAMOND, SUSAN MINDLIN | 336264 | Y |

☐ **This DRP should be removed from the BD record because the *control affiliate(s)* are no longer associated with the BD.**

B. If the *control affiliate* is registered through the CRD, has the *control affiliate* submitted a DRP (with Form U4) or BD DRP to the CRD System for the event? If the answer is "Yes," no other information on this DRP must be provided.

○ **Yes** ○ **No**

**NOTE:** The completion of this form does not relieve the *control affiliate* of its obligation to update its CRD records.

## PART II

1. Regulatory Action initiated by:

   ○ **SEC** ○ **Other Federal** ○ **State** ○ *SRO* ○ **Foreign**
   (Full name of regulator, *foreign financial regulatory authority*, federal, state, or *SRO*)

2. Principal Sanction:

   Other Sanctions:

3. Date Initiated (MM/DD/YYYY):

   ○ **Exact** ○ **Explanation**
   If not exact, provide explanation:

4. Docket/Case Number:

5. *Control Affiliate* Employing Firm when activity occurred which led to the regulatory action (if applicable):

6. Principal Product Type:

   Other Product Types:

7.  Describe the allegations related to this regulatory action. (The information must fit within the space provided.)

---

8.  Current status ?  ○ **Pending**    ○ **On Appeal**    ○ **Final**

---

9.  If on appeal, regulatory action appealed to: (SEC, *SRO*, Federal or State Court) and Date Appeal Filed:

---

**If Final or On Appeal, complete all items below. For Pending Actions, complete Item 13 only.**

---

10.  How was matter resolved:

---

11.  Resolution Date (MM/DD/YYYY):

   ○ **Exact**    ○ **Explanation**

   If not exact, provide explanation:

---

12.  **Resolution Detail:**

   A.  Were any of the following Sanctions Ordered? (Check all appropriate items):

   ☐ **Monetary/Fine**                          **Amount: $**

   ☐ **Revocation/Expulsion/Denial**     ☐ **Disgorgement/Restitution**

   ☐ **Censure**                                   ☐ **Cease and Desist/Injunction**

   ☐ **Bar**                                          ☐ **Suspension**

   B.  Other Sanctions Ordered:

   C.  Sanction detail: if suspended, *enjoined* or barred, provide duration including start date and capacities affected (General Securities Principal, Financial Operations Principal, etc.). If requalification by exam/retraining was a condition of the sanction, provide length of time given to requalify/retrain, type of exam required and whether condition has been satisfied. If disposition resulted in a fine, penalty, restitution, disgorgement or monetary compensation, provide total amount, portion levied against *applicant* or *control affiliate*, date paid and if any portion of penalty was waived:

---

13.  Provide a brief summary of details related to the action status and (or) disposition and include relevant terms, conditions and dates. (The information must fit within the space provided.)

---

This Disclosure Reporting Page (DRP BD) is an  ○ **INITIAL OR**   ● **AMENDED** response used to report details for affirmative responses to *Items 11C, 11D, 11E, 11F or 11G* of Form BD;

**Check item(s) being responded to:**

### Regulatory Action

| | | | |
|---|---|---|---|
| ☐ **11C(1)** | ☐ **11C(5)** | ☐ **11D(4)** | ☐ **11E(3)** |
| ☐ **11C(2)** | ☐ **11D(1)** | ☐ **11D(5)** | ☑ **11E(4)** |
| ☐ **11C(3)** | ☐ **11D(2)** | ☐ **11E(1)** | ☐ **11F** |
| ☐ **11C(4)** | ☐ **11D(3)** | ☑ **11E(2)** | ☐ **11G** |

Use a separate DRP for each event or *proceeding*. An event or *proceeding* may be reported for more than one *person* or entity using one DRP. File with a completed Execution Page.

One event may result in more than one affirmative answer to Items 11C, 11D, 11E, 11F or 11G. Use only one DRP to report details related to the same event. If an event gives rise to actions by more than one regulator, provide details to each action on a separate DRP.

It is not a requirement that documents be provided for each event or *proceeding*. Should they be provided, they will not be accepted as disclosure in lieu of answering the questions on this DRP.

If a *control affiliate* is an individual or organization registered through the CRD, such *control affiliate* need only complete Part I of the *applicant's* appropriate DRP (BD). Details of the event must be submitted on the *control affiliate's* appropriate DRP (BD) or DRP (U4). If a *control affiliate* is an individual or organization <u>not</u> registered through the CRD, provide complete answers to all the items on the *applicant's* appropriate DRP (BD). The completion of this DRP does not relieve the *control affiliate* of its obligation to update its CRD records.

## PART I

A. The *person(s)* or entity(ies) for whom this DRP is being filed is (are):

- ○ **The *Applicant***

- ◉ ***Applicant* and one or more *control affiliates***

- ○ **One or more *control affiliates***

If this DRP is being filed for a *control affiliate*, give the full name of the *control affiliate* below (for individuals, Last name, First name, Middle name).
If the *control affiliate* is registered with the CRD, provide the CRD number. If not, indicate "non-registered" by checking the appropriate checkbox.

**BD DRP - *Control Affiliate***

| Control Affiliate Name | CRD# | Registered |
|---|---|---|
| HEINEMAN, RONALD MARK | 241924 | Y |

☐ **This DRP should be removed from the BD record because the *control affiliate(s)* are no longer associated with the BD.**

B.  If the *control affiliate* is registered through the CRD, has the *control affiliate* submitted a DRP (with Form U4) or BD DRP to the CRD System for the event? If the answer is "Yes," no other information on this DRP must be provided.

◉ **Yes** ○ **No**

**NOTE:** The completion of this form does <u>not</u> relieve the *control affiliate* of its obligation to update its CRD records.

## PART II

1.  Regulatory Action initiated by:
    ○ **SEC**  ○ **Other Federal** ○ **State**  ◉ **SRO**  ○ **Foreign**
    (Full name of regulator, *foreign financial regulatory authority*, federal, state, or *SRO*)
    NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC.

2.  Principal Sanction:

    Other Sanctions:
    FINE

3.  Date Initiated (MM/DD/YYYY):

    07/01/2004 ◉ **Exact**  ○ **Explanation**
    If not exact, provide explanation:

4.  Docket/Case Number:
    CAF040050

5.  *Control Affiliate* Employing Firm when activity occurred which led to the regulatory action (if applicable):

6.  Principal Product Type:
    No Product
    Other Product Types:

7.  Describe the allegations related to this regulatory action. (The information must fit within the space provided.)

SECTION 17(B) OF ACT OF 1933, NASD CONDUCT RULES 2110, 2210(B)(1)(A), 2210(B)(1)(B) AND 3010(A) & 3010(B). FIRM FAILED TO MAINTAIN WSP TO ADDRESS STANDARDS & REQ. FOR PREPARING RESEARCH REPT. WSP DID NOT CONTAIN DESCP. OF CRITERIA USED TO EVALUATE RES. REPTS. & MEMBER FAILED TO ADEQUATELY SUPERVISE PREPARATION OF RES. REPTS' DISCLOSURES

8.  Current status ?  ○ **Pending**   ○ **On Appeal**   ● **Final**

9.  If on appeal, regulatory action appealed to: (SEC, *SRO*, Federal or State Court) and Date Appeal Filed:

**If Final or On Appeal, complete all items below. For Pending Actions, complete Item 13 only.**

10. How was matter resolved:
Acceptance, Waiver & Consent(AWC)

11. Resolution Date (MM/DD/YYYY):

07/01/2004  ● **Exact**   ○ **Explanation**
If not exact, provide explanation:

12. **Resolution Detail:**

A. Were any of the following Sanctions Ordered? (Check all appropriate items):

☑ **Monetary/Fine**                          **Amount: $** 22,500.00

☐ **Revocation/Expulsion/Denial**      ☐ **Disgorgement/Restitution**

☑ **Censure**                                ☐ **Cease and Desist/Injunction**

☐ **Bar**                                      ☑ **Suspension**

B. Other Sanctions Ordered:
FOLLOWING 6 MONTH SUSPENSION FROM WRITING OR CONTRIBUTING TO RESEARCH REPORTS, MEMBERFIRM MUST SUBMIT RESEARCH REPORTS BY OR FOR THE FIRM TO THE NASD ADVERTISING DEPT FOR APPROVAL PRIOR TO ANY REPORT'S DISTRIBUTION TO THE PUBLIC FOR A PERIOD OF 2 YEARS.

C. Sanction detail: if suspended, *enjoined* or barred, provide duration including start date and capacities affected (General Securities Principal, Financial Operations Principal, etc.). If requalification by exam/retraining was a condition of the sanction, provide length of time given to requalify/retrain, type of exam required and whether condition has been satisfied. If disposition resulted in a fine, penalty, restitution, disgorgement or monetary compensation, provide total amount, portion levied against *applicant* or *control affiliate*, date paid and if any portion of penalty was waived:
MEMBER FIRM FINED $22,500 AND CONTROL AFFILIATE, HEINEMAN, WAS ALSO FINED $22,500. THE SUSPENSION FOR VERTICAL CAPITAL PARTNERS,INC WILL COMMERCE WITH THE OPENING OF BUSINESS AUGUST 2, 2004 AND WILL CONCLUDE AT THE CLOSE OF BUSINESS ON FEBRUARY 1,2005. RONALD HEINEMAN WAS SUSPENDED FROM ASSOCIATION WITH ANY NASD MEMBER IN ANY CAPICTY FOR 30 DAYS. THE SUSPENSION WILL COMMENCE WITH THE OPENING OF BUSINESS ON AUGUST 2, 2004, AND WILL CONCLUDE AT THE CLOSE OF BUSINESS ON AUGUST 31, 2004.

13. Provide a brief summary of details related to the action status and (or) disposition and include relevant terms, conditions and dates. (The information must fit within the space provided.)
VERTICAL AND AFFILIATE HAVE AGREED TO AWC, WITHOUT ADMITTING OR DENYING ANY WRONGDOING OR TRUTH OF THE ALLEGATIONS OF THE NASD'S COMPLAINT AND HAVE CHANGED WSP TO REQUIRE GREATER DISCLOSURE IN DISCLAIMERS ON RESEARCH REPORTS & ALSO TO FOLLOW SPECIFIC CRITERIA USED TO PREPARE AND EVALUATE RESEARCH REPORTS.

This Disclosure Reporting Page (DRP BD) is an ○ **INITIAL OR**  ● **AMENDED** response used to report details for affirmative responses to *Items 11C, 11D, 11E, 11F or 11G* of Form BD;

**Check item(s) being responded to:**

**Regulatory Action**

☐ **11C(1)**          ☐ **11C(5)**          ☐ **11D(4)**          ☐ **11E(3)**

☐ **11C(2)**          ☐ **11D(1)**          ☐ **11D(5)**          ☐ **11E(4)**

| ☐ **11C(3)** | ☐ **11D(2)** | ☐ **11E(1)** | ☐ **11F** |
| ☐ **11C(4)** | ☐ **11D(3)** | ☑ **11E(2)** | ☐ **11G** |

Use a separate DRP for each event or *proceeding*. An event or *proceeding* may be reported for more than one *person* or entity using one DRP. File with a completed Execution Page.

One event may result in more than one affirmative answer to Items 11C, 11D, 11E, 11F or 11G. Use only one DRP to report details related to the same event. If an event gives rise to actions by more than one regulator, provide details to each action on a separate DRP.

It is not a requirement that documents be provided for each event or *proceeding*. Should they be provided, they will not be accepted as disclosure in lieu of answering the questions on this DRP.

If a *control affiliate* is an individual or organization registered through the CRD, such *control affiliate* need only complete Part I of the *applicant's* appropriate DRP (BD). Details of the event must be submitted on the *control affiliate's* appropriate DRP (BD) or DRP (U4). If a *control affiliate* is an individual or organization not registered through the CRD, provide complete answers to all the items on the *applicant's* appropriate DRP (BD). The completion of this DRP does not relieve the *control affiliate* of its obligation to update its CRD records.

| **PART I** |

A. The *person(s)* or entity(ies) for whom this DRP is being filed is (are):

    ◉  **The *Applicant***

    ○  ***Applicant* and one or more *control affiliates***

    ○  **One or more *control affiliates***

If this DRP is being filed for a *control affiliate*, give the full name of the *control affiliate* below (for individuals, Last name, First name, Middle name).
If the *control affiliate* is registered with the CRD, provide the CRD number. If not, indicate "non-registered" by checking the appropriate checkbox.

☐ **This DRP should be removed from the BD record because the *control affiliate(s)* are no longer associated with the BD.**

B. If the *control affiliate* is registered through the CRD, has the *control affiliate* submitted a DRP (with Form U4) or BD DRP to the CRD System for the event? If the answer is "Yes," no other information on this DRP must be provided.

    ○ **Yes** ○ **No**

**NOTE:** The completion of this form does not relieve the *control affiliate* of its obligation to update its CRD records.

| **PART II** |

1. Regulatory Action initiated by:
    ○ **SEC** ○ **Other Federal** ○ **State** ◉ **SRO** ○ **Foreign**
(Full name of regulator, *foreign financial regulatory authority*, federal, state, or *SRO*)
NASD

2. Principal Sanction:

    Other Sanctions:

3. Date Initiated (MM/DD/YYYY):

10/11/2006 ◉ **Exact** ○ **Explanation**
If not exact, provide explanation:

4.  Docket/Case Number:
    E1020050455-03

5.  *Control Affiliate* Employing Firm when activity occurred which led to the regulatory action (if applicable):

6.  Principal Product Type:
    Debt - Municipal
    Other Product Types:

7.  Describe the allegations related to this regulatory action. (The information must fit within the space provided.)
    MSRB RULE G-14; RESPONDENT DID NOT ACCURATELY REPORT TRADE INFORMATION CAUSING INACCURATE
    OR INCOMPLETE REPORTING OF MUNICIPAL TRANSACTIONS TO MSRB. REPORTED AN INACCURATE TIME OF
    TRADE EXECUTION.

8.  Current status ?  ○ **Pending**    ○ **On Appeal**    ● **Final**

9.  If on appeal, regulatory action appealed to: (SEC, *SRO*, Federal or State Court) and Date Appeal Filed:

**If Final or On Appeal, complete all items below. For Pending Actions, complete Item 13 only.**

10. How was matter resolved:
    Acceptance, Waiver & Consent(AWC)

11. Resolution Date (MM/DD/YYYY):

    10/11/2006  ● **Exact**    ○ **Explanation**
    If not exact, provide explanation:

12. **Resolution Detail:**

    A.  Were any of the following Sanctions Ordered? (Check all appropriate items):

    ☑ **Monetary/Fine**                          **Amount: $** 5,000.00

    ☐ **Revocation/Expulsion/Denial**            ☐ **Disgorgement/Restitution**

    ☐ **Censure**                                ☐ **Cease and Desist/Injunction**

    ☐ **Bar**                                    ☐ **Suspension**

    B.  Other Sanctions Ordered:

    C.  Sanction detail: if suspended, *enjoined* or barred, provide duration including start date and capacities
        affected (General Securities Principal, Financial Operations Principal, etc.). If requalification by
        exam/retraining was a condition of the sanction, provide length of time given to requalify/retrain, type of
        exam required and whether condition has been satisfied. If disposition resulted in a fine, penalty, restitution,
        disgorgement or monetary compensation, provide total amount, portion levied against *applicant* or *control
        affiliate*, date paid and if any portion of penalty was waived:
        FINE OF $5,000 LEVIED AGAINST THE RESPONDENT MEMBER

13. Provide a brief summary of details related to the action status and (or) disposition and include relevant terms,
    conditions and dates. (The information must fit within the space provided.)
    WITHOUT ADMITTING OR DENYING THE FINDINGS, RESPONDENT MEMBER FIRM CONSENTED TO THE
    DESCRIBED SANCTION AND TO THE ENTRY OF FINDINGS; THEREFORE, FIRM WAS FINED $5,000.00

This Disclosure Reporting Page (DRP BD) is an  ○ **INITIAL OR**  ● **AMENDED** response used to report details for
affirmative responses to *Items 11C, 11D, 11E, 11F or 11G* of Form BD;
**Check item(s) being responded to:**

### Regulatory Action

☐ **11C(1)**          ☐ **11C(5)**          ☐ **11D(4)**          ☐ **11E(3)**
☐ **11C(2)**          ☐ **11D(1)**          ☑ **11D(5)**          ☐ **11E(4)**

| ☐ **11C(3)** | ☐ **11D(2)** | ☐ **11E(1)** | ☐ **11F** |
| ☐ **11C(4)** | ☐ **11D(3)** | ☐ **11E(2)** | ☐ **11G** |

Use a separate DRP for each event or *proceeding*. An event or *proceeding* may be reported for more than one *person* or entity using one DRP. File with a completed Execution Page.

One event may result in more than one affirmative answer to Items 11C, 11D, 11E, 11F or 11G. Use only one DRP to report details related to the same event. If an event gives rise to actions by more than one regulator, provide details to each action on a separate DRP.

It is not a requirement that documents be provided for each event or *proceeding*. Should they be provided, they will not be accepted as disclosure in lieu of answering the questions on this DRP.

If a *control affiliate* is an individual or organization registered through the CRD, such *control affiliate* need only complete Part I of the *applicant's* appropriate DRP (BD). Details of the event must be submitted on the *control affiliate's* appropriate DRP (BD) or DRP (U4). If a *control affiliate* is an individual or organization not registered through the CRD, provide complete answers to all the items on the *applicant's* appropriate DRP (BD). The completion of this DRP does not relieve the *control affiliate* of its obligation to update its CRD records.

| **PART I** |
|---|

A. The *person(s)* or entity(ies) for whom this DRP is being filed is (are):

   ○ **The *Applicant***

   ○ ***Applicant* and one or more *control affiliates***

   ◉ **One or more *control affiliates***

If this DRP is being filed for a *control affiliate*, give the full name of the *control affiliate* below (for individuals, Last name, First name, Middle name).
If the *control affiliate* is registered with the CRD, provide the CRD number. If not, indicate "non-registered" by checking the appropriate checkbox.

| **BD DRP – *Control Affiliate*** | | |
|---|---|---|
| **Control Affiliate Name** | **CRD#** | **Registered** |
| HEINEMAN, RONALD MARK | 241924 | Y |

☐ **This DRP should be removed from the BD record because the *control affiliate(s)* are no longer associated with the BD.**

B. If the *control affiliate* is registered through the CRD, has the *control affiliate* submitted a DRP (with Form U4) or BD DRP to the CRD System for the event? If the answer is "Yes," no other information on this DRP must be provided.

   ◉ **Yes** ○ **No**

**NOTE:** The completion of this form does not relieve the *control affiliate* of its obligation to update its CRD records.

| **PART II** |
|---|

1. Regulatory Action initiated by:
   ○ **SEC** ○ **Other Federal** ○ **State** ○ ***SRO*** ○ **Foreign**
   (Full name of regulator, *foreign financial regulatory authority*, federal, state, or *SRO*)

2. Principal Sanction:

   Other Sanctions:

3. Date Initiated (MM/DD/YYYY):

○ **Exact**  ○ **Explanation**

If not exact, provide explanation:

---

4.   Docket/Case Number:

---

5.   *Control Affiliate* Employing Firm when activity occurred which led to the regulatory action (if applicable):

---

6.   Principal Product Type:

   Other Product Types:

---

7.   Describe the allegations related to this regulatory action. (The information must fit within the space provided.)

---

8.   Current status ?  ○ **Pending**   ○ **On Appeal**   ○ **Final**

---

9.   If on appeal, regulatory action appealed to: (SEC, *SRO*, Federal or State Court) and Date Appeal Filed:

---

**If Final or On Appeal, complete all items below. For Pending Actions, complete Item 13 only.**

10. How was matter resolved:

---

11. Resolution Date (MM/DD/YYYY):

   ○ **Exact**   ○ **Explanation**

   If not exact, provide explanation:

---

12. **Resolution Detail:**

   A. Were any of the following Sanctions Ordered? (Check all appropriate items):

   ☐ **Monetary/Fine**                          **Amount: $**

   ☐ **Revocation/Expulsion/Denial**      ☐ **Disgorgement/Restitution**

   ☐ **Censure**                                ☐ **Cease and Desist/Injunction**

   ☐ **Bar**                                     ☐ **Suspension**

   B. Other Sanctions Ordered:

   C. Sanction detail: if suspended, *enjoined* or barred, provide duration including start date and capacities affected (General Securities Principal, Financial Operations Principal, etc.). If requalification by exam/retraining was a condition of the sanction, provide length of time given to requalify/retrain, type of exam required and whether condition has been satisfied. If disposition resulted in a fine, penalty, restitution, disgorgement or monetary compensation, provide total amount, portion levied against *applicant* or *control affiliate*, date paid and if any portion of penalty was waived:

---

13. Provide a brief summary of details related to the action status and (or) disposition and include relevant terms, conditions and dates. (The information must fit within the space provided.)

---

This Disclosure Reporting Page (DRP BD) is an ○ **INITIAL OR** ⦿ **AMENDED** response used to report details for affirmative responses to *Items 11C, 11D, 11E, 11F or 11G* of Form BD;

**Check item(s) being responded to:**

**Regulatory Action**

☐ **11C(1)**                ☐ **11C(5)**                ☐ **11D(4)**                ☐ **11E(3)**

| ☑11C(2) | ☐11D(1) | ☑11D(5) | ☐11E(4) |
|---------|---------|---------|---------|
| ☐11C(3) | ☑11D(2) | ☐11E(1) | ☐11F |
| ☑11C(4) | ☐11D(3) | ☐11E(2) | ☐11G |

Use a separate DRP for each event or *proceeding*. An event or *proceeding* may be reported for more than one *person* or entity using one DRP. File with a completed Execution Page.

One event may result in more than one affirmative answer to Items 11C, 11D, 11E, 11F or 11G. Use only one DRP to report details related to the same event. If an event gives rise to actions by more than one regulator, provide details to each action on a separate DRP.

It is not a requirement that documents be provided for each event or *proceeding*. Should they be provided, they will not be accepted as disclosure in lieu of answering the questions on this DRP.

If a *control affiliate* is an individual or organization registered through the CRD, such *control affiliate* need only complete Part I of the *applicant's* appropriate DRP (BD). Details of the event must be submitted on the *control affiliate's* appropriate DRP (BD) or DRP (U4). If a *control affiliate* is an individual or organization not registered through the CRD, provide complete answers to all the items on the *applicant's* appropriate DRP (BD). The completion of this DRP does not relieve the *control affiliate* of its obligation to update its CRD records.

---

**PART I**

A. The *person(s)* or entity(ies) for whom this DRP is being filed is (are):

- ◉ **The *Applicant***

- ○ *Applicant* and one or more *control affiliates*

- ○ One or more *control affiliates*

If this DRP is being filed for a *control affiliate*, give the full name of the *control affiliate* below (for individuals, Last name, First name, Middle name).
If the *control affiliate* is registered with the CRD, provide the CRD number. If not, indicate "non-registered" by checking the appropriate checkbox.

☐ **This DRP should be removed from the BD record because the *control affiliate(s)* are no longer associated with the BD.**

---

B. If the *control affiliate* is registered through the CRD, has the *control affiliate* submitted a DRP (with Form U4) or BD DRP to the CRD System for the event? If the answer is "Yes," no other information on this DRP must be provided.

○ **Yes** ○ **No**

**NOTE:** The completion of this form does not relieve the *control affiliate* of its obligation to update its CRD records.

---

**PART II**

1. Regulatory Action initiated by:
   ◉ **SEC** ○ **Other Federal** ○ **State** ○ ***SRO*** ○ **Foreign**
   (Full name of regulator, *foreign financial regulatory authority*, federal, state, or *SRO*)
   UNITED STATES SECURITES AND EXCHANGE COMMISSION

2. Principal Sanction:
   Cease and Desist
   Other Sanctions:
   DISGORGEMENT

3. Date Initiated (MM/DD/YYYY):

   01/25/2007 ◉ **Exact** ○ **Explanation**

If not exact, provide explanation:

| | |
|---|---|
| 4. | Docket/Case Number:<br>3-12550 |
| 5. | *Control Affiliate* Employing Firm when activity occurred which led to the regulatory action (if applicable): |
| 6. | Principal Product Type:<br>Mutual Fund(s)<br>Other Product Types: |
| 7. | Describe the allegations related to this regulatory action. (The information must fit within the space provided.)<br>SEC AMINISTRATIVE PROCEEDING RELEASE 34-55177, INVESTMENT ADVISERS RELEASE 40-2586, JANUARY 25, 2007: THE SECURITES AND EXCHANGE COMMISSION COMPLAINT ALLEGES VIOLATIONS OF SECTION 206 (2) OF THE ADVISERS ACT AND RULE 10B-10 UNDER THE EXCHANGE ACT. IN THAT FROM 1999 AND AT LEAST THROUGH THE END OF 2005, VERTICAL, A REGISTERED BROKER-DEALER, SPONSORED A WRAP FEE PROGRAM CONSISTING OF MANAGED ACCOUNTS TRADED BY A REGISTERED REPRESENTATIVE AT VERTICAL. ACCOUNT AGREEMENTS FOR THE MANAGED ACCOUNTS PROVIDED THAT VERTICAL WOULD NOT CHARGE LOADSOR SALES COMMISSIONS ON MUTUAL FUND PURCHASES. CONTRARY TO THESE PROVISIONS AND WITHOUT DISCLOSURE TO CLIENTS, BETWEEN AUGUST 2002 AND AUGUST 2004, VERTICAL CHARGED MANAGED ACCOUNTS APPROX $530,000 IN LOADS ON MUTUAL FUNDS PURCHASES. THE OVERCHARGE WAS APPARENTLY THE RESULT OF AN ERROR IN VERTICAL'S TRADE ENTRY PROCESS. |
| 8. | Current status ?  ○ **Pending**    ○ **On Appeal**    ● **Final** |
| 9. | If on appeal, regulatory action appealed to: (SEC, *SRO*, Federal or State Court) and Date Appeal Filed: |

**If Final or On Appeal, complete all items below. For Pending Actions, complete Item 13 only.**

| | |
|---|---|
| 10. | How was matter resolved:<br>Order |
| 11. | Resolution Date (MM/DD/YYYY):<br>01/25/2007  ● **Exact**   ○ **Explanation**<br>If not exact, provide explanation: |

12. **Resolution Detail:**

    A. Were any of the following Sanctions Ordered? (Check all appropriate items):

        ☐ **Monetary/Fine**        **Amount: $**

        ☐ **Revocation/Expulsion/Denial**    ☑ **Disgorgement/Restitution**

        ☐ **Censure**        ☑ **Cease and Desist/Injunction**

        ☐ **Bar**        ☐ **Suspension**

    B. Other Sanctions Ordered:<br>
    UNDERTAKINGS: RESPONDENT SHALL RETAIN WITHIN 30 DAYS OF THE DATE OF ENTRY OF THE ORDER, THE SERVICES OF AN INDEPENDENT COMPLIANCE CONSULTANT NOT UNACCEPTABLE TO THE STAFF OF THE COMMISSION.

    C. Sanction detail: if suspended, *enjoined* or barred, provide duration including start date and capacities affected (General Securities Principal, Financial Operations Principal, etc.). If requalification by exam/retraining was a condition of the sanction, provide length of time given to requalify/retrain, type of exam required and whether condition has been satisfied. If disposition resulted in a fine, penalty, restitution, disgorgement or monetary compensation, provide total amount, portion levied against *applicant* or *control affiliate*, date paid and if any portion of penalty was waived:<br>
    WITHOUT ADMITTING OR DENYING THE FINDINGS RESPONDENT CONSENT TO THE ENTRY OF THIS ORDER INSTITUTING CEASE AND DESIST PROCEEDINGS, MAKING FINDINGS, AND IMPOSING A CEASE-AND-DESIST ORDER PURSUANT TO SECTION 21C OF THE SECURITIES EXCHANGE ACT OF 1934 AND SECTION 203K OF THE INVESTMENT ADVISERS ACT OF 1940. ACORDINGLY, IT IS HEREBY ORDERED THAT:

Case 1:08-cv-06510-LTS     Document 3-5     Filed 07/23/2008     Page 33 of 33

VERTICAL SHALL CEASE-AND-DESIST FORM COMMITTING OR CAUSING ANY VIOLATIONS AND ANY FUTURE VIOLATIONS OF SECTION 206(2)OF THE ADVISERS ACT AND RULE 10B-10 UNDER THE EXCHANGE ACT. VERTICAL SHALL PAY $490,432.84, PLUS PRE-JUDGEMENT INTEREST TO MANAGED ACCOUNT CLIENTS. VERTICALS PRIOR VOLUNTARY REPAYMENT OF $490432.84 SHALL BE DEEMED TO SATISFY ITS DISGORGEMENT OBLIGATIONS. VERTICAL SHALL PAY TO MANAGED ACCOUNTS CLIENTS WITHIN 60 DAYS OF THE DATE OF THE ENTRY OF THE ORDER, PREJUDGEMENTY INTEREST IN THE TOTAL AMOUNT OF $38,076.61.

13. Provide a brief summary of details related to the action status and (or) disposition and include relevant terms, conditions and dates. (The information must fit within the space provided.)

**BD - CIVIL JUDICIAL DRP**

No Information Filed

**BD - BANKRUPTCY DRP**

No Information Filed

**BD - BOND DRP**

No Information Filed

**BD - JUDGMENT LIEN DRP**

No Information Filed

# **GOODMAN AFFIDAVIT**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARJENT SERVICES, LLC, | Case No. _____ |
|                    Plaintiff, | **AFFIDAVIT OF ANDREW J.** |
| | **GOODMAN IN SUPPORT OF** |
| v. | **ORDER TO SHOW CAUSE** |
| | **FOR PRELIMINARY** |
| JOSEPH M. SCIRE and JOYCE B. SCIRE, | **INJUNCTION AND** |
| | **TEMPORARY RESTRAINING** |
|                   Defendants. | **ORDER** |

STATE OF NEW YORK    )
                        )
COUNTY OF NEW YORK  ) ss.:

ANDREW J. GOODMAN, being duly sworn, deposes and says:

1. I am an attorney duly admitted to the practice law in New York State and this Court, and am a partner at Garvey Schubert Barer, counsel for Plaintiff Arjent Services, LLC. I submit this affirmation in support of the Plaintiff's motion for (a) a preliminary injunction to stay as against it an arbitration commenced by Defendants Joseph. M. Scire and Joyce B. Scire (collectively "Defendants"); and (b) for a temporary restraining order staying the arbitration pending hearing and determination of this motion.

2. Plaintiff's complaint in this action concerns Defendants' efforts in a securities customer arbitration before the Financial Industry Regulatory Authority (FINRA Dispute Resolution No. 07-03443) to add Plaintiff, even though Defendants were never customers of Plaintiff and never signed any agreement whatsoever with Plaintiff. Defendants have set forth several claims in the underlying arbitration proceeding against their broker Arjent, Ltd. ("Arjent"). At its core, the Statement of Claim alleges that Arjent made unsuitable

recommendations and churned the Defendants' accounts by engaging in day-trading. However, Defendants' own documents show that they were sophisticated and wealthy business people who opened their accounts specifically for the purpose of aggressive day-trading in speculative, high risk growth stocks. Moreover, to date, Defendants have failed to provide any account analyses or reconciliations to demonstrate whether Defendants even lost any money.

3.      On July 7, 2008, Defendants moved the FINRA Panel to add Plaintiff as an additional party to the arbitration proceeding. However, Plaintiff is <u>not</u> a signatory to the arbitration agreement between the existing parties. Thus, Defendants are improperly attempting to bind a party to an arbitration proceeding even though such party never agreed to arbitrate with Defendants.

4.      As set forth in detail in Plaintiffs' accompanying Memorandum of Law in Support of the Order to Show Cause, courts have consistently held that the issue of whether a non-signatory to an arbitration agreement may be bound to arbitrate is a question of law for the courts to decide. Thus, it is proper for this Court to stay the arbitration of the underlying proceeding as against Plaintiff until resolution of this action.

5.      Emergency relief before this Court is warranted because a conference before the FINRA Panel is scheduled for July 24, 2008. Even though the arbitration claim was filed on December 4, 2007 (<u>see</u> Complaint, Exhibit A), Defendants' motion to add Arjent Services, LLC as a respondent was not made until July 7, 2008 (and received by Plaintiffs' counsel on July 8, 2008; <u>see</u> Complaint, Exhibit B). A temporary restraining order is therefore necessary to stay the arbitration as against Plaintiff pending resolution before this Court as to the issue of whether Plaintiff, a non-signatory to the arbitration agreement may be added as an additional party to the arbitration, to avoid the issue being addressed by the arbitration panel at the July 24 conference.

6.    On July 21, 2008, I contacted Defendants' counsel, John J. Lawlor, Esq. via telephone and advised that we intended to appear on July 22, 2008, at 2:00 p.m. and apply for a TRO. Mr. Lawlor stated that he was in Chicago at a hearing this week and asked that we forebear filing the motion until July 28. I told Mr. Lawlor that I could not do that in light of the conference scheduled for July 24. I then tried to suggest to Mr. Lawlor several different procedural alternatives, but he stated, "I cannot deal with it now" and terminated the phone conversation. I confirmed this conversation by email to Mr. Lawlor. A copy of that email is annexed hereto as Exhibit A.

7.    Mr. Lawlor took up my invitation to call me, and we had a subsequent discussion. I suggested that he not ask the Panel to rule during the July 24 conference on his application to add Plaintiff as an arbitration respondent, in which case I could hold off filing this motion until his return next week. Mr. Lawlor declined, and said he intended to pursue his application during the conference, hence necessitating this motion.

8.    We have provided notice of the filing of the Complaint, Order to Show Cause, and application for a temporary restraining notice in the United States District Court, Southern District of New York to: (a) Bonnie Simon, Senior Case Administrator for FINRA Dispute Resolution No. 07-03443; and (b) John J. Lawlor, Esq., Attorney at Law, arbitration counsel for Defendants. Plaintiffs provided a copy of all papers by email this morning to FINRA and Mr. Lawlor.

_____
ANDREW J. GOODMAN

Sworn to before me this
22 nd day of July 2008

_____
Notary Public

SEYMOUR H. BUCHOLZ
**Notary** Public, State of New York
No. 02BU4877114
Qualified In Westchester County
Commission Expires 10/27/20 _13_

NY_DOCS:601452.2

# EXHIBIT A

## Jennifer Lopez

**From:** Andrew Goodman

**Sent:** Monday, July 21, 2008 4:28 PM

**To:** 'jlaw672@aol.com'

**Cc:** Robert DePalo (depalo@arjentus.com); Ronald M. Heineman (heineman@arjentus.com); Susan Diamond (smdiamond@optonline.net); James Freeman

**Subject:** Scire v. Arjent Services, LLC

Dear John:

I write confirming our telephone conversation this afternoon and my advice earlier today to your office, that we will be appearing at 2 p.m. at the United States District Court, Southern District of New York to file a motion for a preliminary injunction to stay the above arbitration as against Arjent Services, LLC and to obtain a temporary restraining order to the same effect pending hearing of the preliminary injunction motion.

I understand that you are in Chicago on a hearing. When we talked, you asked me to forebear filing the motion until July 28, but I responded that I could not agree to that, since we have a conference scheduled with the arbitrators for July 24. I then tried to suggest several different procedural alternatives, but you indicated that you could not "deal with it now" and terminated the phone conversation. Accordingly, we will appear tomorrow and advise the Court of our conversation.

Please call me should you want to discuss the matter in the interim.

Very truly yours,

Andrew Goodman

This e-mail is for the sole use of the intended recipient(s). It contains information that is confidential and/or legally privileged. If you believe that it has been sent to you in error, please notify the sender by reply e-mail and delete the message. Any disclosure, copying, distribution or use of this information by someone other than the intended recipient is prohibited.



ANDREW J. GOODMAN
*agoodman@gsblaw.com*

GARVEY SCHUBERT BARER
GSBLAW.COM
*twentieth floor*
*100 wall street*
*new york, new york 10005*
TEL 212 431 8700 x 4534  FAX 212 334 1278